*In re* Ciro A. Betancourt.

*Número:* RT-2001-3803      *Resuelto:* 28 de marzo de 2003

*Carmen H. Carlos,* directora de la Oficina de Inspección de Notarías; *José A. Bravo Abreu,* abogado de la parte peticionaria.

PER CURIAM: El 24 de junio de 2002 la Directora de la Oficina de Inspección de Notarías nos informó que el abogado-notario Ciro A. Betancourt autorizó la escritura número 42 de Poder General el 10 de septiembre de 2000, la cual notificó tardíamente el 23 de marzo de 2001. Incumplió así con la obligación que le impone la ley de notificar dentro del término de las setenta y dos horas siguientes a la autorización de un poder y dentro de las veinticuatro horas siguientes a la autorización de un testamento, deber que es de estricto cumplimiento. También dicha oficina nos informó que obran en el expediente del licenciado Betancourt resoluciones previas en relación con incumplimientos similares: Arts. 3 y siguientes de la Ley Núm. 62 de 8 de mayo de 1937, según enmendada, 4 L.P.R.A. sec. 922 *et seq.*; Art. 73 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2123, y otras disposiciones relacionadas con éste, y la Regla 63 del Reglamento Notarial de Puerto Rico de 1ro de

agosto de 1995 (4 L.P.R.A. Ap. XXIV). En estas Resoluciones se le indicó al licenciado Betancourt que las razones que dio para su incumplimiento, a juicio del Tribunal, no excusan su negligencia; también se le apercibió contra cualquier ulterior incumplimiento. Cabe señalar, además, que ya en ulteriores ocasiones el licenciado Betancourt ha sido multado por incumplimientos similares.

Tomando en consideración lo antes señalado, el 19 de julio de 2002 emitimos una resolución mediante la cual le impusimos al licenciado Betancourt una sanción de doscientos cincuenta dólares a favor del Secretario de Hacienda que debía depositar en la Secretaría de este Tribunal dentro del transcurso de treinta días. Esta resolución fue diligenciada el 9 de diciembre de 2002. El término concedido ya venció y el licenciado Betancourt no ha dado cumplimiento a lo ordenado, ni siquiera ha comparecido a solicitar prórroga o explicar su incumplimiento.

Reiteradamente hemos expresado que todo abogado tiene el deber de cumplir con las órdenes de este Tribunal y que su incumplimiento podría acarrear graves sanciones. *In re Cuevas Velázquez*, 151 D.P.R. 593 (2000); *In re Bray Leal*, 150 D.P.R. 888 (2000). Igualmente, hemos expresado que no toleraremos la injustificada y obstinada negativa de un abogado de cumplir con nuestras órdenes en la esfera disciplinaria. *In re Agrait Defilló*, 151 D.P.R. 894 (2000). La conducta displicente de indiferencia, dejadez y falta de diligencia en responder a nuestras órdenes en esta materia conlleva sanciones disciplinarias, incluso la suspensión del ejercicio de la abogacía. *In re Laborde Freyre I*, 154 D.P.R. 112 (2001).

Por todo lo antes expuesto, *se dicta una sentencia mediante la cual se suspende al Lcdo. Ciro A. Betancourt indefinidamente del ejercicio de la profesión de abogado.*

*Se le impone, además, el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos*

*no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos en el término de treinta días, contados a partir de la notificación de esta Opinión "Per Curiam", el cumplimiento de estos deberes. La Oficina del Alguacil de este Tribunal se incautará de la obra y del sello notarial, y se los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García no intervino.