EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br> Ciro A. Betancourt | 2003 TSPR 82<br><br>159 DPR _____ |

Número del Caso: RT-2001-3803


Fecha: 28 de marzo de 2003


Oficina de Inspección de Notarías:
                        Lcda. Carmen H. Carlos
                        Directora


Abogado de la Parte Peticionaria:
                        Lcdo. José A. Bravo Abreu



 Materia: Remisión Tardía



    Este documento constituye un documento oficial del
    Tribunal Supremo que está sujeto a los cambios y
    correcciones del proceso de compilación y publicación
    oficial de las decisiones del Tribunal. Su distribución
    electrónica se hace como un servicio público a la
    comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Ciro A. Betancourt

                    RT-2001-3803

PER CURIAM

San Juan, Puerto Rico a 28 de marzo de 2003

El 24 de junio de 2002 la Directora de la Oficina de Inspección de Notarías nos informó que el abogado notario Ciro A. Betancourt autorizó la escritura número 42 de Poder General el día 10 de septiembre de 2000 la cual notificó tardíamente, el 23 de marzo de 2001. Incumplió así con la obligación que le impone la Ley de notificar dentro del término de las 72 horas siguientes a la autorización de un poder y dentro de las 24 horas siguientes a la autorización de un testamento, deber éste que es de estricto cumplimiento.

También dicha Oficina nos informó que obran en el expediente del licenciado Betancourt Resoluciones previas en relación con incumplimientos similares, Arts. 3 y siguientes de la Ley Núm. 62 de 8 de mayo de 1937, según enmendada, 4 L.P.R.A. sec. 922 y ss; Art. 73 de la Ley Notarial de Puerto Rico y otras disposiciones relacionadas con éste, 4 L.P.R.A. sec. 2123 y la Regla 63 del Reglamento Notarial de Puerto Rico de 1 de agosto de 1995, 4 L.P.R.A. Ap. XXIV. En estas Resoluciones se le indicó al licenciado Betancourt que las razones que dio para su incumplimiento, a juicio del Tribunal, no excusan su negligencia, también se le apercibió contra cualquier ulterior incumplimiento. Cabe señalar además, que ya en ulteriores ocasiones el licenciado Betancourt ha sido multado por incumplimientos similares.

Tomando en consideración lo antes señalado, el 19 de julio de 2002, emitimos una Resolución imponiéndole al licenciado Betancourt una sanción de doscientos cincuenta dólares ($250.00) a favor del Secretario de Hacienda a ser depositada en la Secretaría de este Tribunal dentro del transcurso de treinta (30) días. Esta Resolución fue diligenciada el 9 de diciembre de 2002. El término concedido ya venció y el licenciado Betancourt no ha dado cumplimiento a lo ordenado, ni siquiera ha comparecido a solicitar prórroga o explicar su incumplimiento.

Reiteradamente hemos expresado que todo abogado tiene el deber de cumplir con las órdenes de este Tribunal y que su incumplimiento podría acarrear graves sanciones. *In re Bray Leal*, res. el 28 de abril de 2000, 2000 JTS 143, pág. 68; *In re Cuevas Velázquez*, res. el 29 de junio de 2000, 2000 JTS 136, pág. 42. Igualmente, hemos expresado que no toleraremos la injustificada y obstinada negativa de un abogado de cumplir con nuestras órdenes en la esfera disciplinaria. *In re Agrait Defilló*, res. el 7 de agosto de 2000, 2000 JTS 174, pág. 352. La conducta displicente de dejadez, indiferencia y falta de diligencia en responder a nuestras órdenes en esta materia conlleva sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía. *In re Laborde Freyre*, res. el 4 de mayo de 2001, 2001 JTS 77, pág. 1284.

Por todo lo antes expuesto, se dicta sentencia suspendiendo al Lcdo. Ciro A. Betancourt indefinidamente del ejercicio de la profesión de abogado.

Se le impone además el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos en el término de treinta (30) días, contados a partir de la

notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal se incautará de la obra y sello notarial y se los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ciro A. Betancourt

RT-2001-3803

SENTENCIA

San Juan, Puerto Rico a 28 de marzo de 2003

Por los fundamentos expuestos en la Per Curiam que antecede, se dicta sentencia suspendiendo al Lcdo. Ciro A. Betancourt indefinidamente del ejercicio de la profesión de abogado.

Se le impone además, el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal incautará la obra y sello notarial y se los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo