*In re* MIGUEL A. LABORDE FREYRE.

*Número:* AB-1997-10    *Resuelto:* 4 de mayo de 2001

*Gustavo A. Gelpí, Procurador General, Edda Serrano Blasini, Subprocuradora General, e Ivonne Casanova Pelosi, Procuradora General Auxiliar; Samuel Figueroa González, de Lozada Colón, y Luis Alberto Rivera Rivera,* abogados de la querellante; *Miguel A. Laborde Freyre, pro se.*

PER CURIAM: El 30 de enero de 1997, la Oficina del Procurador General de Puerto Rico (en adelante el Procurador)

---

nos informó de sus múltiples gestiones para intentar comunicarse con el Lcdo. Miguel A. Laborde Freyre en torno a una queja presentada en su contra por el Sr. José R. Freyre y su esposa, la Sra. Dorys Patiño.

Ante lo expresado por el Procurador, el 21 de febrero de 1997 le ordenamos al licenciado Laborde Freyre que, en un plazo de quince (15) días, cumpliera con los requerimientos del Procurador. Le apercibimos de que su incumplimiento con nuestra orden podría acarrear una suspensión provisional del ejercicio de la profesión. Dicha resolución fue notificada personalmente.

Así las cosas, el 11 de abril de 1997 el Procurador nos informó que al fin el licenciado Laborde Freyre había respondido a sus requerimientos. Sin embargo, el Procurador señaló que el 21 de marzo de 1997 le concedió al abogado cinco (5) días para que rindiera información adicional pertinente al proceso y que, a pesar de haber transcurrido el plazo concedido, el abogado no había cumplido con lo solicitado. Mediante Resolución de 16 de mayo de 1997 le ordenamos nuevamente al licenciado Laborde Freyre que contestara las comunicaciones del Procurador. Nuevamente se le apercibió de que el incumplimiento con nuestra orden acarrearía "sin más la suspensión provisional del ejercicio de la abogacía". A solicitud del licenciado Laborde Freyre le concedimos hasta el 29 de julio de 1997 para cumplir con nuestra resolución de 16 de mayo de 1997.

Finalmente, el 6 de agosto de 1997, fuera del plazo concedido, el licenciado Laborde Freyre compareció y nos informó que el 26 de mayo de 1997 había contestado los requerimientos del Procurador.

Así las cosas, mediante moción de 8 de enero de 1998, el Procurador nos informó que el querellante, Sr. José R. Freyre había presentado ante el Tribunal de Primera Instancia una acción de daños y perjuicios contra el licenciado Laborde Freyre. En vista de la estrecha relación entre la acción de daños y el procedimiento disciplinario, el Procu-

rador solicitó la paralización de los procedimientos hasta tanto el foro de instancia adjudicara la acción de daños y perjuicios.

Así, pues, el 16 de enero de 1998 fueron paralizados los procedimientos disciplinarios hasta tanto el Tribunal de Primera Instancia adjudicara los méritos de los reclamos del querellante, Sr. José R. Freyre, en la acción de daños y perjuicios.

A partir del 6 de agosto de 1998 le ordenamos a todas las partes que nos mantuvieran informados sobre el estatus de la acción civil de daños y perjuicios ante el Tribunal de Primera Instancia. En un principio tanto el Procurador como la representación legal del licenciado Laborde Freyre comparecieron dando cumplimiento a lo ordenado.

No obstante, a partir de la renuncia de su representante legal, el licenciado Laborde Freyre comenzó nuevamente a incumplir con nuestras órdenes. Así, pues, a partir de nuestra Resolución de 7 de mayo de 1999 en la cual otra vez le ordenamos a las partes expresarse en torno al caso civil, hubo que requerirle a éste en múltiples ocasiones que cumpliera con lo ordenado. En tres (3) ocasiones más se le apercibió de que el incumplimiento con nuestras órdenes podía conllevar la suspensión al ejercicio de la abogacía.

Finalmente, el 7 de diciembre de 2000 este Tribunal ordenó que las partes informaran sobre el estatus de los procedimientos ante el foro de instancia. El 12 de marzo de 2001 se le concedió al licenciado un término adicional de cinco (5) días para que cumpliera con la resolución de 7 de diciembre. Se le apercibió nuevamente de que el incumplimiento con esta resolución podría conllevar sanciones disciplinarias severas. Al día de hoy el licenciado Laborde Freyre no ha dado cumplimiento a nuestra Resolución de 7 de diciembre de 2000.

De todo lo antes expuesto podemos colegir que, a pesar de nuestros apercibimientos y las prórrogas concedidas, el licenciado Laborde Freyre ha continuado y continúa con

una conducta displicente de dejadez, indiferencia y falta de diligencia en cuanto a nuestras órdenes. Aparenta desconocer totalmente nuestra jurisprudencia a los efectos de que es su obligación obedecer y responder prontamente a los requerimientos de este Tribunal y los del Procurador General de Puerto Rico y que no toleraremos la incomprensible y obstinada negativa de un miembro de la profesión de cumplir con nuestras órdenes. *In re Lassalle Pérez*, 153 D.P.R. 368 (2001); *In re González Feliciano*, 152 D.P.R. 255 (2000); *In re Cuevas Velázquez*, 151 D.P.R. 593 (2000); *In re Bray Leal*, 150 D.P.R. 888 (2000); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998).

Procede, en consecuencia, separar de forma inmediata e indefinida del ejercicio de la profesión de abogado y de la notaría al Lcdo. Miguel A. Laborde Freyre y hasta que otra cosa disponga este Tribunal.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados, e informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos dentro del término de treinta (30) días contados a partir de la notificación de esta opinión *per curiam* el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial del abogado suspendido, debiendo entregarla a la Directora de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez no intervinieron.