EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: José A. Díaz Algarín | 2007 TSPR 17 169 DPR ____ |

Número del Caso: TS-10326

Fecha: 9 de enero de 2007

Comisión de Ética del Colegio de Abogados de Puerto Rico:

        Lcda. María de Lourdes Rodríguez
        Oficial Investigadora

Oficina de Inspección de Notarías:

        Lcda. Carmen H. Carlos
        Directora

Materia: Conducta Profesional
      (La suspensión del abogado advino final y firme el día
       29 de enero de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Díaz Algarín

TS-10326

PER CURIAM

San Juan, Puerto Rico, a 9 de enero de 2007.

El licenciado José Díaz Algarín, en adelante el licenciado Díaz, fue admitido al ejercicio de la abogacía el 19 de enero de 1993 y al ejercicio del notariado el 29 de enero de ese mismo año.

El 15 de junio de 2006, la Directora de la Oficina de Inspección de Notarías, en adelante ODIN, Lcda. Carmen H. Carlos, presentó un Informe ante este Foro, mediante el cual nos indicó que el abogado en cuestión no había presentado los índices notariales mensuales que comprenden el período de octubre de 2001 al presente. Surge del referido Informe, además, que el licenciado Díaz no le ha

remitido a la ODIN los informes de actividad notarial anual para los años 2001, 2002 y 2004. De igual manera, dicho Informe puntualiza que el referido abogado **nunca corrigió una deficiencia señalada por la ODIN en su protocolo notarial del año 1995, a pesar de haber sido requerido para ello en varias ocasiones.** Surge del Informe, además, que el notario de epígrafe mudó su oficina y cambió su número telefónico **sin notificárselo a la ODIN.** Posteriormente, la ODIN le requirió al licenciado Díaz que expresara su posición en torno a los señalamientos del Informe, así como que actualizara la información de su expediente notarial, y que presentara los índices mensuales e informes estadísticos anuales, ausentes de su expediente notarial. **Dicho abogado incumplió con cada uno de estos requerimientos.**

Por otra parte, el 6 de julio de 2006, la Comisión de Ética del Colegio de Abogados de Puerto Rico, en adelante el Colegio, presentó ante nos una "Moción Informativa sobre Incumplimiento de Colegiado" mediante la cual nos informó que el 27 de octubre de 2004, el señor Alberto Fernández Sánchez radicó una queja formal contra el licenciado Díaz, ante el Colegio, indicando que dicho abogado había desplegado una conducta antiética, así como que había obrado negligentemente en un caso en que este último había sido su representante legal.[1]

---

[1] El caso en cuestión era <u>Alberto Fernández Sánchez, etc. v. Carlos Alberto Varona Berríos</u>, al que se le había asignado el número de caso: K-AC1998-0779.

El Colegio nos informó, además, que se le requirió al licenciado Díaz contestación a la queja interpuesta en su contra en **cuatro (4) ocasiones distintas.** Éstas resultaron infructuosas toda vez que, a la fecha de hoy, el referido abogado no ha contestado la misma.

El 25 de agosto de 2006, emitimos una Resolución concediéndole al licenciado Díaz un término de quince (15) días para expresarse sobre el Informe de la ODIN, así como sobre la Moción presentada por el Colegio. Apercibimos a dicho abogado que de incumplir con lo ordenado se le suspendería indefinidamente de la abogacía y la notaría. Dicha Resolución fue notificada al querellado personalmente, con copia de la misma. **El licenciado Díaz no cumplió con nuestra orden.**

Finalmente, el 4 de octubre de 2006, la ODIN presentó ante este Foro una "Moción Informativa" en la que indicó que la conducta desplegada por el abogado en cuestión era altamente preocupante, toda vez que, para esa fecha, habían perdido contacto con éste, desconociéndose el paradero de su obra notarial.

Con el beneficio de la discusión que antecede, procedemos a resolver los planteamientos esbozados en el presente procedimiento disciplinario.

Hemos resuelto que es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este **Tribunal,** y los de la Oficina del Procurador General, **de la Comisión de Ética del Colegio de Abogados y de la Oficina de**

**Inspección de Notarías.**[2] Hemos enfatizado que no toleraremos la incomprensible y obstinada negativa de un miembro de la profesión de cumplir con nuestras órdenes y requerimientos.[3]

La omisión de un abogado o **notario de mantener su dirección al día con este Foro es causa suficiente para suspenderlo indefinidamente del ejercicio de la abogacía, sin necesidad de trámites ulteriores. Ello es así, porque dicha omisión constituye un obstáculo para que este Tribunal ejerza adecuadamente la jurisdicción disciplinaria que ostenta por mandato de ley.**[4] Cualquier cambio de oficina notarial debe ser notificada inmediatamente a la Secretaria de este Foro y a la Directora de la ODIN dentro de los cinco (5) días siguientes a la fecha del cambio. Ello es una medida necesaria, adoptada por este Foro, en su función rectora constitucional de regular el ejercicio de la notaría, la cual está investida de carácter público.[5]

La actitud displicente y contumaz del licenciado Díaz para con los requerimientos de este Tribunal, el Colegio y la ODIN ha causado una interferencia indebida con nuestra

---

[2] *In Re*: Moreno Franco, 2006 T.S.P.R. 10, 2006 J.T.S. 19, 166 D.P.R.____(2006); *In Re*: Rivera Irizarry, 155 D.P.R. 687 (2001).

[3] *In Re*: Moreno Franco, *supra*, citando a *In Re*: Laborde Freyde, 154 D.P.R. 112 (2001).

[4] *In Re*: Rivera Santos, 2003 T.S.P.R. 177, 2004 J.T.S. 5, 160 D.P.R. ___ (2003); *In Re*: Santiago Rodríguez, 2003 T.S.P.R. 137, 2003 J.T.S. 137, 160 D.P.R.___ (2003); *In Re*: Sanabria Ortiz, 156 D.P.R. 346 (2001).

[5] *In Re*: Sáez Burgos, *supra*, citando a *In Re*: Serralles III, 118 D.P.R. 494 (1987).

función disciplinaria. Su conducta demuestra un absoluto menosprecio para con la profesión de abogado y la confianza depositada por la sociedad en la figura del notario público. El abogado de epígrafe no sólo ha incumplido con la obligación de notificar cambios de dirección, según lo preceptúa el artículo 7 de la Ley Notarial[6], sino que ha demostrado poco o ningún interés en evitar ser separado de la profesión. No albergamos duda que dicho proceder empaña y macula los postulados más fundamentales de la profesión jurídica.

En vista de lo anterior, se decreta la suspensión inmediata e indefinida de José A. Díaz Algarín del ejercicio de la abogacía y la notaría.

Se dictará Sentencia de conformidad.

---

[6] 4 L.P.R.A. 2011.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                      TS-10326

José A. Díaz Algarín

                     SENTENCIA

     San Juan, Puerto Rico, a 9 de enero de 2007.

     Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, suspendemos al licenciado José A. Díaz Algarín inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia, del cumplimiento de estos deberes.

     Se ordena al Alguacil General de este Tribunal a incautarse de la obra y sello notarial de Díaz Algarín, debiendo entregar la misma a la Oficina de la Directora de Inspección de Notaría.

     Notifíquese personalmente al querellado con copia de la Opinión Per Curiam que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo