per curiam:
Una vez más nos vemos en la obligación de suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal y del Procurador General sobre un procedimiento disciplinario iniciado en su contra. Por las razones que se exponen a continuación, or-denamos la suspensión inmediata e indefinida del Ledo. Arturo Arzón Rivera del ejercicio de la abogacía.
I
El 12 de mayo de 2008 la Oficina del Procurador General presentó un informe ante este Tribunal en el que nos notificó sobre la falta de cumplimiento del Ledo. Arturo Arzón Rivera con sus requerimientos sobre la queja de epígrafe.(1) En su comparecencia, el Procurador General relata que en octubre de 2005 se presentó una queja contra el licenciado Arzón Rivera por un incidente relacionado con la cancelación de un pagaré. Según los hechos expuestos en dicha queja, las partes interesadas en la cancelación del pagaré habían realizado gestiones para que el licenciado Arzón Rivera lo cancelara, mas éste no había respondido.
Ante estos hechos, en diciembre de 2007 el Procurador General solicitó al licenciado Arzón Rivera que respondiera *765 a las alegaciones presentadas en su contra. El licenciado Arzón Rivera solicitó una prórroga hasta enero de 2008, la cual le fue concedida. No obstante, éste nunca respondió al requerimiento del Procurador General, por lo que se le en-vió otra comunicación en marzo de 2008 solicitando su respuesta. Al no recibirla, el Procurador presentó ante nos el informe de referencia, por lo que el 30 de mayo de 2008 emitimos una resolución en la que ordenamos la compare-cencia del licenciado Arzón Rivera, apercibiéndole de las posibles sanciones disciplinarias que conllevaría su incumplimiento.
Aún hoy el licenciado Arzón Rivera no ha comparecido ante el Procurador General ni ante este Tribunal. Por con-siguiente, decretamos su suspensión inmediata e indefi-nida del ejercicio de la abogacía.
II
 En reiteradas ocasiones hemos expresado que los abogados tienen el deber y la obligación de responder dili-gentemente a los requerimientos y las órdenes de este Tribunal, particularmente los relacionados con procedimien-tos disciplinarios sobre su conducta profesional. Hemos señalado, además, que procede la suspensión inmediata de aquellos miembros de la profesión que incumplen nuestros requerimientos e ignoran los apercibimientos de sanciones disciplinarias. In re De Jesús Ortiz, 174 D.P.R. Ap. (2008); In re Laborde Freyre I, 154 D.P.R. 112 (2001). De igual manera, hemos resuelto que los abogados tienen la obliga-ción de responder diligentemente a nuestros requerimien-tos, independientemente de los méritos de la queja presen-tada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007).
Por otra parte, resulta ampliamente conocido que el incumplimiento con los requerimientos de la Oficina del *766 Procurador General es igualmente reprochable y acarrea las mismas sanciones que la falta de atención a las órdenes de este Tribunal. In re Lassalle Pérez, 153 D.P.R. 368 (2001). Asimismo, hemos afirmado en múltiples ocasiones que desatender las comunicaciones relacionadas a procedi-mientos disciplinarios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por el Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). Véase, además, In re Rodríguez Bigas, supra.
Sin embargo, constantemente nos enfrentamos a un sin-número de abogados que incumplen las órdenes de este Tribunal y de los organismos a los cuales hemos encomen-dado la tarea de investigar posibles violaciones a las nor-mas que rigen la profesión. Es por ello que hemos resuelto que esa “actitud de indiferencia y menosprecio a la autori-dad del Tribunal Supremo merecen su suspensión indefinida”. In re Pagán Ayala, 130 D.P.R. 678, 683 (1992).
III
En el caso de autos nos enfrentamos a un abogado que ha incumplido con los requerimientos de este Tribunal y del Procurador General ante la queja presentada en su contra. Ello tiene el resultado de impedir que atendamos adecuadamente los méritos de las alegaciones formuladas contra la labor profesional del licenciado Arzón Rivera.
Su comparecencia en la otra querella presentada en su contra demuestra que, a pesar de encontrarse en condicio-nes de responder a la queja de epígrafe, deliberadamente ha ignorado los procedimientos de esta segunda queja en su contra y reta nuestra autoridad y la del Procurador General. Ello de por sí es suficiente razón para suspen-derle del ejercicio de la profesión.
*767 IV
Por los fundamentos antes expuestos, se ordena la sus-pensión inmediata e indefinida del licenciado Arzón Rivera de la práctica de la abogacía.

El licenciado Arzón Rivera notificará a sus clientes que ■ por motivo de la suspensión no puede continuar con su re-presentación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por tra-bajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de 30 días, el cumpli-miento con lo antes ordenado. El Alguacil de este Tribunal se incautará inmediatamente de la obra y del sello notarial del abogado de epígrafe para que la Directora de la Oficina de Inspección de Notarías el trámite correspondiente.

Se dictará sentencia de conformidad.

 Cabe señalar que la conducta profesional del licenciado Arzón Rivera es objeto de otro procedimiento disciplinario ante este Tribunal, In re Arzón Rivera, CP-2008-18, por hechos distintos a los de la queja de epígrafe. En dicho procedi-miento, éste presentó su contestación a la querella el 20 de enero de 2009, por lo que aún está pendiente de resolución.