per curiam:
Nuevamente nos vemos en la obligación de suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Ledo. Neddie Feliciano Jiménez del ejercicio de la abogacía.
p-H
El 23 de julio de 2008 la Directora de la Oficina de Inspección de Notarías presentó un informe ante este Tribunal sobre el estado de la obra notarial del Ledo. Neddie Feliciano Jiménez, la cual fue incautada a raíz de una suspensión decretada por este Tribunal.(1) En dicho informe se indicó que no entregó para su inspección y archivo los li *235 bros de Registro de Testimonios que incluyen del asiento 5836 en adelante.
Ante estos hechos, emitimos una Resolución el 23 de enero de 2009 en la que concedimos a Feliciano Jiménez un término para que entregara a la Directora de la Oficina de Inspección de Notarías los referidos libros de Registro de Testimonios. Como Feliciano Jiménez incumplió con dicha orden, el pasado 7 de abril de 2009 emitimos una segunda Resolución, en la cual le concedimos un término final para que cumpliera con ésta. Cabe señalar que ambas Resoluciones le fueron notificadas personalmente por conducto de la oficina de alguaciles de este Tribunal. Aun hoy Feliciano Jiménez no ha comparecido ante este Foro ni ante la Oficina de Inspección de Notarías. Por consiguiente, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.
I—I I—\
En reiteradas ocasiones hemos expresado que los abogados tienen el deber y la obligación de responder diligentemente a los requerimientos y las órdenes de este Tribunal. In re Arzón Rivera, 175 D.P.R. 763 (2009); In re Rodríguez Bigas, 172 D.P.R. 345 (2007). Hemos señalado, además, que procede la suspensión inmediata de aquellos miembros de la profesión que incumplen nuestros requerimientos e ignoran los apercibimientos de sanciones disciplinarias. In re De Jesús Ortiz, 174 D.P.R. Ap. (2008); In re Laborde Freyre I, 154 D.P.R. 112 (2001).
Sin embargo, constantemente nos enfrentamos a un sinnúmero de abogados que incumplen las órdenes de este Tribunal y de los organismos a los cuales hemos encomendado la tarea de investigar posibles violaciones a las nor-mas que rigen la profesión. Es por ello que hemos resuelto que esa “actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merec[e] su suspensión indefinida In re Pagán Ayala, 130 D.P.R. 678, 683 (1992).
*236 En el caso de autos, la oficina del alguacil de este Tribunal notificó personalmente a Feliciano Jiménez la Resolución emitida el 23 de enero de 2009, así como la Resolución de 7 de abril de 2009. A pesar de lo anterior, Feliciano Jiménez ha hecho caso omiso a los requerimientos de este Tribunal. Por lo tanto, procede que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.
III
Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del licenciado Neddie Feliciano Jiménez de la práctica de la abogacía. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días, contados a partir de la notificación de la presente opinión “per curiam” y Sentencia.

Se dictará Sentencia de conformidad.

 In re Feliciano Jiménez, 173 D.P.R. 830 (2008). El licenciado Feliciano Jiménez fue reinstalado al ejercicio de la profesión mediante una Resolución de 11 de julio de 2008. Véase In re Feliciano Jiménez, 174 D.P.R. 193 (2008).