per curiam:
Una vez más la displicencia y la indiferencia hacia los requerimientos de este Tribunal, así como hacia otros foros, son las causas germinales para la suspensión de un abogado del ejercicio de su profesión.
En esta ocasión, el Tribunal de Apelaciones nos notificó su Resolución de 15 de mayo de 2008, expresándonos el contumaz incumplimiento por parte del Ledo. Julio C. Meléndez Vázquez de las resoluciones emitidas por dicho tribunal el 29 de agosto de 2007, 25 de octubre de 2007 y 14 de abril de 2008.
Por ello, además de la deliberada conducta de incumplimiento con las órdenes de este Tribunal, suspendemos inmediata e indefinidamente al Ledo. Julio C. Meléndez Vázquez del ejercicio de la abogacía y de la notaría.
I
El licenciado Meléndez Vázquez fue admitido al ejercicio de la abogacía y la notaría el 22 de enero de 1998 y 27 de febrero de 1998, respectivamente. Al momento de los hechos que produjeron nuestra intervención, el licenciado se desempeñaba como representante legal del Sr. Emmanuel Ortiz Ortiz en una apelación criminal instada ante el Tribunal de Apelaciones.
El 15 de agosto de 2007, en el curso del trámite apelativo, el Tribunal de Apelaciones emitió una resolución en la que le ordenó al licenciado Meléndez Vázquez que gestionara una regrabación y presentara posteriormente la transcripción de la prueba oral. Luego de varios procedimientos, el 26 de octubre de 2007 dicho foro intermedio emitió una resolución concediendo cinco días para que se *404 presentara la transcripción de la prueba oral y treinta días adicionales para presentar el alegato. Sin embargo, el 14 de abril de 2008, luego de doscientos cinco días, el licenciado Meléndez Vázquez no había cumplido con las órdenes previas del foro intermedio. Ante esto, el Tribunal de Apelaciones impuso al Ledo. Julio C. Meléndez Vázquez una sanción de doscientos cincuenta dólares y le concedió un término de diez días finales para someter la transcripción de la prueba oral. Esta resolución fue enviada tanto al licenciado Meléndez Vázquez como a su cliente el señor Ortiz Ortiz, el cual estaba confinado.
Así las cosas, en vista del craso incumplimiento del licenciado Meléndez Vázquez, el 24 de abril de 2008 el Tribunal de Apelaciones dispuso la celebración de una vista que se efectuaría el 22 de mayo de 2008, para que el licenciado Meléndez Vázquez mostrara causa por la cual no debía ser sancionado. No obstante, la notificación al letrado fue infructuosa. El alguacil del tribunal realizó múltiples esfuerzos para diligenciar la notificación, sin lograr dar con el paradero de éste. Por consiguiente, el 15 de mayo de 2008, el foro apelativo ordenó notificar a la Secretaría de este Tribunal con una copia del diligenciamiento negativo de la citación y con una copia de la resolución de 24 de abril de 2008.
Atendida la resolución notificada, el 20 de marzo de 2009 le concedimos un término de treinta días al Ledo. Julio C. Meléndez Vázquez para que mostrara causa por la cual no debía ser severamente sancionado. Ordenamos que la Oficina del Alguacil de este Tribunal le notificara personalmente esta resolución. El diligenciamiento fue negativo. El 5 de mayo de 2009, la Oficina del Alguacil nos informó que, luego de múltiples gestiones, no se logró encontrar al licenciado. Además, nos informó que la hija del letrado expresó que su padre estaba desaparecido.
Además de esta situación, surge del expediente personal del Ledo. Julio C. Meléndez Vázquez que el 13 de mayo de *405 2008 éste presentó una Solicitud de Baja Voluntaria ante este Tribunal. El 9 de julio de 2008 concedimos un término de treinta días a la Oficina de Inspección de Notarías (O.D.I.N.), al Colegio de Abogados y al Procurador General de Puerto Rico para que se expresaran en torno a dicha solicitud de baja voluntaria.
Con el beneficio de las mociones en cumplimiento de nuestra orden, en especial la presentada por el Colegio de Abogados de Puerto Rico, el 29 de octubre de 2008 concedimos al licenciado Meléndez Vázquez un término de diez días para que compareciera ante el Colegio de Abogados a responder por sus requerimientos.(1) Dentro de ese mismo término le ordenamos que compareciera a este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no haber comparecido a responder a los requerimientos del Colegio de Abogados. En dicha resolución le apercibimos también que su incumplimiento podría conllevar sanciones disciplinarias severas, incluso la suspensión al ejercicio de la profesión. Una vez más, el diligenciamiento fue negativo.
Por su parte, en la Moción en Cumplimiento de Resolución de la O.D.I.N. se nos notificaron varias deficiencias, además de acompañarnos una copia del informe del Inspector de Notarías, Ledo. Francisco Fernández Díaz. Surge de dicho informe que el Inspector puso bajo su custodia y trasladó la obra del notario Meléndez Vázquez a la O.D.I.N. por desconocer su paradero. Surge, además, que el notario no respondió ninguna de las notificaciones de su Inspector en torno a las deficiencias encontradas por éste. Entre estas deficiencias están: falta de nota de saca; falta de rúbrica del notario al margen de instrumentos y su firma al final; fecha en guarismo y falta de sellos de rentas internas y de impuesto notarial. La O.D.I.N. nos expresó que el licenciado Meléndez Vázquez también adeudaba los *406 índices notariales correspondientes a los meses de marzo, abril, mayo, junio y julio de 2008.
II
 El Canon 9 del Código de Ética Profesional,(2) dis-pone que todo abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. La naturaleza de la función de abogado requiere de una celosa atención y obediencia a las órdenes de este Tribunal o a las de cualquier foro al que se encuentre obligado a comparecer, incluso el Colegio de Abogados, máxime cuando se trata de conducta profesional.(3)
Reiteradamente hemos expresado que los abogados tienen la ineludible obligación de responder con diligencia las órdenes de este Tribunal, así como los requerimientos del Colegio de Abogados con respecto a las quejas que éste investiga. La indiferencia de un abogado al no atender estas órdenes y estos requerimientos acarrea la imposición de las más severas sanciones disciplinarias, como la suspensión del ejercicio de la abogacía.(4) En múltiples ocasiones nos hemos negado a tolerar la incomprensible y obstinada negativa de un abogado de cumplir con nuestras órdenes.(5)
La desatención de los abogados a comunicaciones relacionadas con procedimientos disciplinarios tiene la misma consecuencia de vulnerar nuestra función reguladora de la profesión, al igual que en las situaciones en las que se desatiende una orden emitida directamente por el *407 Tribunal.(6) Además, desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el referido Canon 9.(7)
Más allá de las posibles violaciones éticas que conllevan las actuaciones del Ledo. Julio C. Meléndez Vázquez respecto a su cliente, en estos momentos nuestra actuación se centra en su actitud indiferente hacia los requerimientos de este Tribunal, del Tribunal de Apelaciones, del Colegio de Abogados y de la O.D.I.N. Las acciones del licenciado Meléndez Vázquez reflejan una conducta displicente, de dejadez, de indiferencia y de falta de diligencia hacia las órdenes de esta Curia, así como hacia los requerimientos de los foros antes mencionados.
La conducta del licenciado Meléndez Vázquez hacia to-dos estos procedimientos es de por sí razón suficiente para suspenderle de la profesión. Además, el manto de incertidumbre, desconocimiento y desinformación que cubre la realidad de su paradero junto a la actitud displicente hacia los requerimientos de este Tribunal reflejan un claro desinterés del licenciado hacia su título.
III
Por los fundamentos antes esbozados, se ordena la suspensión inmediata e indefinida del Ledo. Julio C. Meléndez Vázquez de la práctica de la abogacía y la notaría. El licenciado Meléndez Vázquez notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y les devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados.(8) De igual manera, deberá informar de su sus *408 pensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá también acreditar y certificar ante este Tribunal, dentro del término de treinta días contados a partir de la notificación de esta opinión “per curiam” y Sentencia, que cumplió con lo anterior.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez concurrió con el resultado sin opinión escrita.

 El Colegio de Abogados nos notificó que existía una queja presentada contra el Ledo. Julio C. Meléndez Vázquez.

 4 L.P.R.A. Ap. IX.

 In re Rosario Cartagena, 174 D.P.R. 763 (2008); In re García Baliñas, 167 D.P.R. 125, 127 (2006).

 In re Trías Fraticelli, 175 D.P.R. Ap. (2009); In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re García Enchautegui, 164 D.P.R. 740, 741-742 (2005).

 In re Laborde Freyre I, 154 D.P.R. 112, 115 (2001); In re Lasalle Pérez, 153 D.P.R. 368 (2001).

 In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997).

 In re Maldonado Rivera, 147 D.P.R. 380 (1999).

 En torno a la obra notarial del licenciado Meléndez Vázquez, surge del ex-pediente que ésta se encuentra en la O.D.I.N. Como mencionamos anteriormente, esta obra fue removida por el Inspector de Protocolos, Ledo. Francisco Fernández *408 Vázquez, el 25 de agosto de 2008 conforme a la Regla 78 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV.