EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                          | 2013 TSPR 98   |
|                                 |                |
| Carlos M. Del Campo Alomar      | 189 DPR ____   |

Número del Caso: TS-7109

Fecha: 7 de junio de 2013

Programa de Educación Jurídica Continua

Materia: Conducta Profesional – La suspensión será efectiva el 29 de agosto de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Carlos M. Del Campo Alomar      **TS-7109**

***PER CURIAM***

En San Juan, Puerto Rico, a 7 de junio de 2013.

En esta ocasión nos vemos, nuevamente, obligados a ordenar la suspensión indefinida de un miembro de la profesión de la abogacía y la notaría, por éste no cumplir con los requisitos de educación jurídica continua exigidos en el Reglamento del Programa de Educación Jurídica Continua, *infra*, y por incumplir con las órdenes de este Tribunal.

I

El Lcdo. Carlos M. Del Campo Alomar fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y, posteriormente, al ejercicio de la notaría el 26 de junio de 1981. Por los fundamentos expuestos a continuación, ordenamos la suspensión inmediata e indefinida del licenciado Del Campo Alomar del ejercicio de la abogacía y de la notaría.

El 10 de octubre de 2012, la Lcda. Yanis Blanco Santiago, Directora del Programa de Educación Jurídica Continua (Directora), en representación de la Junta de Educación Jurídica Continua (Junta), presentó ante esta Curia un *Informe Sobre Incumplimiento De Educación Jurídica Continua* del licenciado Del Campo Alomar. En dicho informe expresó que el licenciado Del Campo Alomar no cumplió con los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua, 164 D.P.R. 155 (2005), en adelante Reglamento, durante el periodo del 1 de enero de 2007 al 31 de diciembre de 2008. Además, el licenciado Del Campo Alomar tampoco pagó la cuota por cumplimiento tardío que establece la Regla 30 del Reglamento.

Así las cosas, el 15 de enero de 2009, el Programa de Educación Jurídica Continua (Programa) le envió un aviso de incumplimiento al licenciado Del Campo Alomar, en el cual le otorgó sesenta días adicionales para tomar los cursos. Transcurrido más de un año y medio sin que el licenciado cumpliera, el Programa lo citó para una vista informal.

El 18 de noviembre de 2010, se llevó a cabo la vista informal, en la cual el licenciado Del Campo Alomar compareció únicamente mediante escrito. En el mismo alegó que "por motivos de enfermedad (diabetes), daños sufridos por una caída en su hogar, su edad (77 años) y por fallas en la vista" cesó de toda actividad profesional como

abogado.   Sin embargo, no presentó evidencia sobre su enfermedad ni de su cese en la práctica de la abogacía. Tampoco se presentó evidencia de que el licenciado se haya dado de baja de la práctica ni tampoco que haya solicitado exoneración de los requisitos de Educación Jurídica Continua.  Además, el licenciado indicó en el escrito que por esas razones renunciaría a la profesión en el 2011. Ahora bien, el incumplimiento alegado por el Programa se produjo entre enero del 2007 y diciembre del 2008.  Luego de examinar la totalidad de la evidencia presentada, el Oficial Examinador recomendó referirlo al Tribunal Supremo, por entender que la información provista por el licenciado Del Campo Alomar no justificaba el incumplimiento.   Así, el Programa le notificó al licenciado la recomendación del Oficial Examinador y le indicó que le iba a brindar una última oportunidad de treinta días para que cumpliera con los cursos.[1]

Transcurrido el término sin que el licenciado Del Campo Alomar cumpliera con los cursos, el Programa presentó el caso ante la Junta.  Así las cosas, a tenor con la Regla 9(7) del Reglamento, la Directora, tomando en consideración el incumplimiento del licenciado y que se le dio la oportunidad de ser oído, recomendó que se rindiera un informe ante este Tribunal.  Luego de examinar el expediente, la Junta acogió la recomendación del Oficial

---

[1] El informe de la Junta señala que el licenciado tampoco ha tomado curso alguno para cumplir con los créditos exigidos para los periodos de enero de 2009 a diciembre de 2010.

Examinador e instruyó a la Directora a presentar el informe ante esta Curia.

A tenor de lo anterior, esta Curia emitió una Resolución el 9 de noviembre de 2012, notificada el 20 de noviembre de 2012, mediante la cual se le concedió un término de veinte días al licenciado Del Campo Alomar para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Al día de hoy, no ha comparecido.

**II**

El Canon 2 del Código de Ética Profesional,[2] establece que los miembros de la profesión de la abogacía están obligados a "mantener un alto grado de excelencia y competencia… a través del estudio y la participación en programas educativos de mejoramiento profesional".[3] Así las cosas, en virtud del poder inherente para reglamentar la profesión jurídica en Puerto Rico, aprobamos el Reglamento de Educación Jurídica Continua.[4] Este reglamento dispone que todo abogado activo y admitido a ejercer la práctica de la profesión en Puerto Rico, viene obligado a tomar, como mínimo, veinticuatro horas crédito de educación jurídica continua en un periodo de 2 años.

[2] 4 L.P.R.A. Ap. IX, C. 2.

[3] In re Guzmán Rodríguez, res. el 14 de febrero de 2013, 2013 T.S.P.R. 130, 188 D.P.R. ____ (2013).

[4] In re Regl. Educ. Jur. Cont., 146 D.P.R. 494 (1998); Reglamento del Programa de Educación Jurídica Continua 2005, 4 L.P.R.A. Ap. XVII-E (Sup. 2012).

Además, establece los procedimientos para certificar el cumplimiento, cumplir tardíamente o de forma alternativa y revisar las determinaciones del Programa de Educación Jurídica Continua.[5]

A tenor de lo anterior, el Reglamento de 2005, *supra*, impone al abogado la obligación de presentar ante la Junta un informe de cumplimiento tan pronto haya completado las veinticuatro horas crédito correspondientes.[6] Así, el reglamento dispone que deberá presentar dicho informe dentro de un término no mayor de treinta días posterior a la terminación de dicho periodo. Ahora bien, si un abogado presenta su informe luego del referido término, deberá pagar una cuota de $50 y proveer una explicación de las razones por las cuales no cumplió a tiempo con el requisito indicado.[7]

En ocasiones anteriores, este Tribunal ha disciplinado a abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua.[8] Hemos expresado que si luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión éste incumple con nuestro mandato, procede que

---

[5] Reglamento, *supra*, R. 4-5, 10-15, 24-37.

[6] Íd., R. 28.

[7] Íd., R.30.; In re Piñeiro Vega, res. el 25 de febrero de 2013, 2013 T.S.P.R. 130, 188 D.P.R. ____ (2013).

[8] In re Piñeiro Vega, supra; In re Guzmán Rodríguez, supra; In re Grau Collazo, 185 D.P.R. 938 (2012); In re Ramírez Ferrer, 183 D.P.R. 382 (2011); Ex parte Galarza Rodríguez, 183 D.P.R. 228 (2011).

el abogado sea suspendido indefinidamente del ejercicio de la abogacía y la notaría.[9]

Hemos enfatizado en un sinnúmero de ocasiones que cuando los abogados no cumplen con las órdenes de este Tribunal demuestran menosprecio hacia nuestra autoridad, infringiendo, de ese modo, las disposiciones del Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9.[10] Este canon establece que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". En In re García Ortiz, res. el 11 de diciembre de 2012, 2013 T.S.P.R. 5, 187 D.P.R. ___ (2013), reiteramos que "los abogados deben la más estricta observancia a las órdenes judiciales, más aún cuando se trata de procedimientos disciplinarios".[11] Así, procede la suspensión inmediata de aquellos miembros de la profesión que incumplen con nuestros requerimientos.[12]

**III**

Lamentablemente, en el caso de autos nos encontramos ante otro letrado que ignora e incumple con los requerimientos de este Tribunal. El licenciado Del Campo Alomar hizo caso omiso e incumplió con su deber de

---

[9] Íd.

[10] In re Cirino López, 184 D.P.R. Ap. (2012); In re Fidalgo Córdova, 183 D.P.R. 217, 222 (2011).

[11] Citando a In re Nieves Nieves, 181 D.P.R. 25, 34-35 (2011); In re Piñeiro Vega, supra.

[12] In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011); In re Torres Viera, 179 D.P.R. 868 (2010); In re Feliciano Jiménez, 176 D.P.R. 234 (2009); In re Laborde Freyre I, 154 D.P.R. 112 (2001).

responder oportunamente a los requerimientos de la Junta y de este Tribunal. La Junta le dio al licenciado dos oportunidades para que cumpliera con las horas crédito de educación jurídica continua que exige el Reglamento. Sin embargo, el licenciado no cumplió y le indicó a la Junta que no había cumplido con los créditos de educación continua porque cesó de toda actividad profesional como abogado. Sin embargo, al día de hoy el licenciado Del Campo Alomar permanece activo como abogado y como notario.

Así las cosas, la Junta acudió antes esta Curia y le concedimos al licenciado veinte días para comparecer. No obstante, han transcurrido seis meses desde esa resolución y el licenciado no ha respondido a nuestra orden. Por lo tanto, la indiferencia y desatención que el licenciado ha mostrado ante las órdenes de este Tribunal nos obliga a decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría. Esto, con el apercibimiento de que no estaremos dispuestos a decretar su reinstalación hasta que cumpla con todos los señalamientos de la Junta y nuestras resoluciones.

**IV**

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Lcdo. Carlos M. Del Campo Alomar de la práctica de la abogacía y de la notaría. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios

recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el cual tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días contados a partir de la notificación de la presente opinión *Per curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Del Campo Alomar y entregarlos a la Directora de la ODIN para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In Re:


Carlos M. Del Campo Alomar          TS-7109


*SENTENCIA*


En San Juan, Puerto Rico, a 7 de junio de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Carlos M. Del Campo Alomar de ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el cual tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días contados a partir de la notificación de la presente opinión *Per curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo