

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Osvaldo Aponte del Valle | 2013 TSPR 88 <br><br> 189 DPR ____ |

Número del Caso: AB-2007-16
             AB-2011-204
             AB-2011-248
             AB-2012-111

Fecha: 8 de julio de 2013

Abogada del Querellado:

        Por derecho Propio

Oficina de la Procuradora General:

        Lcda. Tatiana Grajales Torruella
        Sub Procuradora General

Oficina de Inspección de Notarías:

        Lcda. Lourdes I. Quintana Llorens
        Directora

Materia: Conducta Profesional – La suspensión será efectiva el 30 de julio de 2013 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Osvaldo Aponte del Valle

AB-2007-16
AB-2011-204
AB-2011-248
AB-2012-111

PER CURIAM

En San Juan, Puerto Rico, a 8 de julio de 2013.

Nos enfrentamos nuevamente con una conducta inadmisible para cualquier miembro de la profesión legal. Se trata de la falta de cumplimiento de las órdenes que este Tribunal emite en el ejercicio de su jurisdicción disciplinaria. Por este motivo, nos corresponde imponer la sanción más severa: el desaforo.

I

**AB-2007-16**

El 16 de enero de 2007 el Sr. Carlos Ayala Cruz presentó una queja contra el Lcdo. Osvaldo

Aponte Del Valle. La queja se relaciona con unas deficiencias encontradas en la Escritura Pública Núm. 4 de 17 de enero de 1998. El licenciado Aponte Del Valle fungió como notario en esa escritura. Luego de varios trámites, el 24 de abril de 2009 emitimos una Resolución en que ordenamos al licenciado Aponte Del Valle a que realizara todas las gestiones necesarias para subsanar las deficiencias que se encontraron en la Escritura Núm. 4. Además, indicamos que era deber del licenciado Aponte Del Valle mantenernos informados del asunto. Por último, le apercibimos de que su incumplimiento con lo ordenado sería causa suficiente para su desaforo.

El 18 de marzo de 2011 emitimos otra Resolución en la que le concedimos al licenciado Aponte Del Valle veinte días para que expusiera las gestiones que había hecho para cumplir con la Resolución de 24 de abril de 2009. El 7 de abril de 2011 el licenciado Aponte del Valle presentó una "Moción en cumplimiento de orden". En ella resumió las gestiones realizadas e informó que todavía no había podido corregir las deficiencias señaladas.

El 6 de mayo de 2011 emitimos una Resolución en la que concedimos noventa días al licenciado Aponte Del Valle para que concluyera sus gestiones para corregir las deficiencias que se señalaron a la Escritura Núm. 4. Luego de otros incidentes, el 22 de febrero de 2013 concedimos otro término de noventa días para que cumpliera con la Resolución de 24 de abril de 2009 y subsanara las

deficiencias. Le advertimos que su incumplimiento podría llevar a su suspensión indefinida de la abogacía. El licenciado Aponte del Valle no ha cumplido con nuestras órdenes.

**AB-2011-204**

El 21 de junio de 2011 el Sr. Félix Martínez Roldán presentó una queja contra el licenciado Osvaldo Aponte Del Valle y otros dos abogados. La queja se relaciona con unas deficiencias encontradas en las Escrituras Públicas Núm. 33 de 25 de junio de 1994 y Núm. 53 de 21 de octubre de 1995. El licenciado Aponte Del Valle fungió como notario en esas escrituras. Luego de que la Oficina de Inspección de Notarias (ODIN) presentara su Informe sobre el asunto, el 21 de septiembre de 2012 emitimos una Resolución en que ordenamos al licenciado Aponte Del Valle que se expresara sobre el informe que presentó ODIN. El abogado no compareció.

El 22 de febrero de 2013 emitimos otra Resolución en la que le concedimos al licenciado Aponte Del Valle un término de treinta días para que solucionara el asunto que originó la queja. Le advertimos que su incumplimiento conllevaría su suspensión indefinida de la abogacía. El licenciado Aponte del Valle no ha cumplido con lo ordenado.

**AB-2011-248**

El 11 de agosto de 2011 el Sr. Hipólito Lugo Maldonado presentó una queja contra el licenciado Osvaldo Aponte Del Valle. La queja se relaciona con unas deficiencias

encontradas en la Escritura Pública Núm. 27 de 24 de julio de 2008. El licenciado Aponte Del Valle fungió como notario en esa escritura. Luego de que ODIN presentara su informe sobre el asunto, emitimos el 4 de octubre de 2012 una Resolución en que concedimos un término de veinte días al licenciado Aponte Del Valle para que informara las gestiones realizadas para subsanar las deficiencias encontradas en la Escritura Núm. 27 que impiden su inscripción en el Registro de la Propiedad. El abogado no compareció.

El 30 de enero de 2013 emitimos otra Resolución en la que concedimos al licenciado Aponte Del Valle un término final e improrrogable de diez días para que cumpliera con la Resolución de 4 de octubre de 2012. Le advertimos que su incumplimiento conllevaría su suspensión indefinida de la abogacía. El licenciado Aponte del Valle no ha cumplido con lo ordenado.

**AB-2012-111**

El 21 de marzo de 2012 la Sra. Carmen Carrasquillo Feliciano presentó una queja contra el licenciado Osvaldo Aponte Del Valle. La queja se relaciona con unas deficiencias encontradas en la Escritura Pública Núm. 33 de 25 de junio de 1994. El licenciado Aponte Del Valle fungió como notario en esa escritura. Luego de que el Procurador General presentara su Informe sobre el asunto, emitimos el 10 de octubre de 2012 una Resolución en que concedimos un término de veinte días al licenciado Aponte Del Valle para

que se expresara sobre el informe que presentó el Procurador General. El abogado no compareció.

El 22 de febrero de 2013 emitimos otra Resolución en la que concedimos al licenciado Aponte Del Valle un término de noventa días para que acreditara las gestiones realizadas para subsanar las deficiencias señaladas. Le advertimos que su incumplimiento conllevaría su suspensión indefinida de la abogacía. El licenciado Aponte del Valle no ha cumplido con lo ordenado.

II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Hemos sostenido en ocasiones innumerables que todo abogado tiene la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, sobre todo cuando se trata de asuntos de naturaleza disciplinaria. In re Morales Rodríguez, 179 D.P.R. 766 (2010). Así pues, incumplir de forma diligente y responsable con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del ejercicio de la profesión jurídica. In re Cirino López, 184 D.P.R. Ap. (2012); In re Fidalgo Córdova, 183 D.P.R. 217 (2011). In re Rivera Rosado, 180 D.P.R. 698 (2011).

Dicho de otro modo, hacer caso omiso a nuestras órdenes conduce a la imposición de sanciones disciplinarias

rigurosas, que incluyen, entre otras, la suspensión del ejercicio de la profesión. Véanse, In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011); In re Torres Viera, 179 D.P.R. 868 (2010); In re Feliciano Jiménez, 176 D.P.R. 234 (2009); In re Laborde Freyre I, 154 D.P.R. 112 (2001).

En fin, se trata de un acto de indisciplina, desobediencia, contumacia y falta de respeto que no toleraremos. Véanse, In re Rosario Martínez, 184 D.P.R. 494 (2012); In re Betancourt Medina, 183 D.P.R. 821 (2012).

III

El licenciado Aponte Del Valle demostró con su conducta un menosprecio total por las órdenes de este Foro. Su actitud de desinterés hacia este Tribunal no lo hace merecedor de desempeñar el puesto que ostenta como miembro de la profesión legal.

Según surge del expediente, al licenciado Aponte Del Valle se le concedió un término razonable para contestar nuestros requerimientos en las cuatro quejas que nos ocupan. Incluso, se le otorgó en todas las ocasiones un segundo término para que contestara y de esa forma, evitara una sanción disciplinaria. No obstante, este prefirió desafiar nuestra jurisdicción disciplinaria y no contestar. Con ello, no nos deja más alternativa que proceder con nuestra sanción más severa.

Por los fundamentos antes expresados ordenamos la suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría del Lcdo. Osvaldo Aponte Del

Valle. Además, ordenamos la cancelación de su fianza notarial.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos. Además, tiene que devolverles a los clientes los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam*.

El alguacil de este Tribunal procederá de inmediato a incautarse de la obra y sello notarial del licenciado Aponte Del Valle, debiendo entregar éstos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la última dirección que aparece en su expediente personal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Osvaldo Aponte del Valle

AB-2007-16
AB-2011-204
AB-2011-248
AB-2012-111

SENTENCIA

En San Juan, Puerto Rico, a 8 de julio de 2013.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia se ordena la suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría del Lcdo. Osvaldo Aponte Del Valle. Además, ordenamos la cancelación de su fianza notarial.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos. Además, tiene que devolverles a los clientes los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam*.

El alguacil de este Tribunal procederá de inmediato a incautarse de la obra y sello notarial del licenciado Aponte Del Valle, debiendo entregar

éstos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la última dirección que aparece en su expediente personal.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo