per curiam:
Nos enfrentamos nuevamente con una con-ducta inadmisible para cualquier miembro de la profesión legal. Se trata de la falta de cumplimiento de las órdenes que este Tribunal emite en el ejercicio de su jurisdicción *246 disciplinaria. Por este motivo, nos corresponde imponer la sanción más severa: el desaforo.
I

AB-2007-16

El 16 de enero de 2007, el Sr. Carlos Ayala Cruz pre-sentó una queja contra el Ledo. Osvaldo Aponte Del Valle. La queja se relaciona con unas deficiencias encontradas en la Escritura Pública Núm. 4 de 17 de enero de 1998. El licenciado Aponte Del Valle fungió como notario en esa escritura. Luego de varios trámites, el 24 de abril de 2009 emitimos una Resolución en la que ordenamos al licen-ciado Aponte Del Valle que realizara todas las gestiones necesarias para subsanar las deficiencias que se encontra-ron en la Escritura Núm. 4. Además, indicamos que era deber del licenciado Aponte Del Valle mantenernos infor-mados del asunto. Por último, le apercibimos de que su incumplimiento con lo ordenado sería causa suficiente para su desaforo.
El 18 de marzo de 2011 emitimos otra Resolución en la que le concedimos al licenciado Aponte Del Valle veinte días para que expusiera las gestiones que había hecho para cumplir con la Resolución de 24 de abril de 2009. El 7 de abril de 2011, el licenciado Aponte del Valle presentó una “Moción en cumplimiento de orden”. En ella resumió las gestiones realizadas e informó que todavía no había podido corregir las deficiencias señaladas.
El 6 de mayo de 2011 emitimos una Resolución en la que concedimos noventa días al licenciado Aponte Del Valle para que concluyera sus gestiones para corregir las defi-ciencias que se señalaron a la Escritura Núm. 4. Luego de otros incidentes, el 22 de febrero de 2013 concedimos otro término de noventa días para que cumpliera con la Reso- *247 lución de 24 de abril de 2009 y subsanara las deficiencias. Le advertimos que su incumplimiento podría conllevar su suspensión indefinida de la abogacía. El licenciado Aponte del Valle no ha cumplido con nuestras órdenes.

AB-2011-204

El 21 de junio de 2011, el Sr. Félix Martínez Roldán presentó una queja contra el Ledo. Osvaldo Aponte Del Va-lle y otros dos abogados. La queja se relaciona con unas deficiencias encontradas en las Escrituras Públicas Núm. 33 de 25 de junio de 1994 y Núm. 53 de 21 de octubre de 1995. El licenciado Aponte Del Valle fungió como notario en esas escrituras. Luego de que la Oficina de Inspección de Notarías (ODIN) presentara su Informe sobre el asunto, el 21 de septiembre de 2012 emitimos una Resolución en la que ordenamos al licenciado Aponte Del Valle que se expre-sara sobre el informe que presentó ODIN. El abogado no compareció.
El 22 de febrero de 2013 emitimos otra Resolución en la que le concedimos al licenciado Aponte Del Valle un tér-mino de treinta días para que solucionara el asunto que originó la queja. Le advertimos que su incumplimiento con-llevaría su suspensión indefinida de la abogacía. El licen-ciado Aponte del Valle no ha cumplido con lo ordenado.

AB-2011-248

El 11 de agosto de 2011, el Sr. Hipólito Lugo Maldonado presentó una queja contra el Ledo. Osvaldo Aponte Del Valle. La queja se relaciona con unas deficiencias encontra-das en la Escritura Pública Núm. 27 de 24 de julio de 2008. El licenciado Aponte Del Valle fungió como notario en esa escritura. Luego de que ODIN presentara su informe sobre el asunto, el 4 de octubre de 2012 emitimos una Resolución en la que concedimos un término de veinte días al licen- *248 ciado Aponte Del Valle para que informara de sus gestiones para subsanar las deficiencias encontradas en la Escritura Núm. 27 que impiden su inscripción en el Registro de la Propiedad. El abogado no compareció.
El 30 de enero de 2013 emitimos otra Resolución en la que concedimos al licenciado Aponte Del Valle un término final e improrrogable de diez días para que cumpliera con la Resolución de 4 de octubre de 2012. Le advertimos que su incumplimiento conllevaría su suspensión indefinida de la abogacía. El licenciado Aponte del Valle no ha cumplido con lo ordenado.

AB-2012-111

El 21 de marzo de 2012, la Sra. Carmen Carrasquillo Feliciano presentó una queja contra el Ledo. Osvaldo Aponte Del Valle. La queja se relaciona con unas deficien-cias encontradas en la Escritura Pública Núm. 33 de 25 de junio de 1994. El licenciado Aponte Del Valle fungió como notario en esa escritura. Luego de que el Procurador General presentara su Informe sobre el asunto, emitimos una Resolución el 10 de octubre de 2012 en la que concedimos un término de veinte días al licenciado Aponte Del Valle para que se expresara sobre el informe que presentó el Procurador General. El abogado no compareció.
El 22 de febrero de 2013 emitimos otra Resolución en la que concedimos al licenciado Aponte Del Valle un término de noventa días para que acreditara las gestiones realiza-das para subsanar las deficiencias señaladas. Le adverti-mos que su incumplimiento conllevaría su suspensión in-definida de la abogacía. El licenciado Aponte del Valle no ha cumplido con lo ordenado.
*249 II
El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Hemos sostenido en ocasiones innumerables que todo abogado tiene la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, sobre todo cuando se trata de asuntos de naturaleza disciplinaria. In re Morales Rodríguez, 179 DPR 766 (2010). Así, pues, incumplir de forma diligente y responsable con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del ejercicio de la profesión jurídica. In re Cirino López, 184 DPR Ap. (2012); In re Fidalgo Córdova, 183 DPR 217 (2011); In re Rivera Rosado, 180 DPR 698 (2011).
Dicho de otro modo, hacer caso omiso a nuestras órdenes conduce a la imposición de sanciones disciplinarias rigurosas que incluyen, entre otras, la suspensión del ejercicio de la profesión. Véanse: In re Arroyo Rivera, 182 DPR 732, 735-736 (2011); In re Torres Viera, 179 DPR 868 (2010); In re Feliciano Jiménez, 176 DPR 234 (2009); In re Laborde Freyre I, 154 DPR 112 (2001). .
En fin, se trata de un acto de indisciplina, desobedien-cia, contumacia y falta de respeto que no toleraremos. Véanse: In re Rosario Martínez, 184 DPR 494 (2012); In re Betancourt Medina, 183 DPR 821 (2011).
III
El licenciado Aponte Del Valle demostró con su conducta un menosprecio total por las órdenes de este Foro. Su acti-tud de desinterés hacia este Tribunal no lo hace merecedor de desempeñarse como miembro de la profesión legal.
*250 Según surge del expediente, al licenciado Aponte Del Valle se le concedió un término razonable para contestar nuestros requerimientos en las cuatro quejas que nos ocupan. Incluso, se le otorgó en todas las ocasiones un se-gundo término para que contestara y, de esa forma, evitara una sanción disciplinaria. No obstante, este prefirió desa-fiar nuestra jurisdicción disciplinaria y no contestar. Con ello, no nos deja más alternativa que proceder con nuestra sanción más severa.
Por los fundamentos antes expresados, ordenamos la suspensión inmediata e indefinida del ejercicio de la abo-gacía y de la notaría del Ledo. Osvaldo Aponte Del Valle. Además, ordenamos la cancelación de su fianza notarial.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos. Además, tiene que devolverles los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión Per Curiam.

El alguacil de este Tribunal procederá de inmediato a incautarse de la obra y del sello notarial del licenciado Aponte Del Valle, y los entregará a la Oficina de Inspección de Notarías para la correspondiente investigación e in-forme a este Tribunal.

Esta Opinión y la Sentencia correspondiente se notifica-rán personalmente al abogado de epígrafe a la última dirección que aparece en su expediente personal.

Se dictará Sentencia de conformidad.