*In re* ROBERTO TORRES VIERA.

*Número:* TS-9143          *Resuelto:* 17 de septiembre de 2010

*Lourdes I. Quintana Lloréns,* Directora de la Oficina de Inspección de Notarías; *Roberto Torres Viera, pro se.*

PER CURIAM: De nuevo tenemos que suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario iniciado en su contra. Por las razones que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Roberto Torres Viera del ejercicio de la abogacía.

I

El licenciado Torres Viera fue admitido al ejercicio de la abogacía en 1989 y al notariado en 1990. El 20 de febrero de 2007, mediante una opinión *per curiam,* suspendimos al licenciado Torres Viera del ejercicio de la abogacía por un

término de dos meses. Esto, por violaciones a los Cánones 21 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. No obstante, ante una oportuna solicitud, reinstalamos al abogado al ejercicio de la abogacía, mas no al de la notaría.

Posteriormente, el 9 de septiembre de 2008 la Directora de la Oficina de Inspección de Notarías (O.D.I.N.) presentó ante este Foro un informe sobre el estado de obra notarial del licenciado Torres Viera, en el cual se señalaron múltiples deficiencias. Por esta razón, mediante Resolución de 23 de septiembre de 2008 concedimos al licenciado Torres Viera un término de veinte días para que se expresara sobre el referido informe. El 7 de noviembre de ese mismo año, el licenciado Torres Viera nos solicitó que le concediéramos una prórroga de sesenta días para contestar el informe. Así, mediante Resolución de 17 de noviembre de 2008 le concedimos cuarenta y cinco días adicionales para que cumpliera con los requerimientos de este Tribunal.

Ante el incumplimiento de parte del licenciado Torres Viera con este último término, mediante Resolución de 17 de abril de 2009 le informamos que se le concedía un término final e improrrogable de treinta días para contestar el informe de O.D.I.N. Por esta razón, el 1 de julio de 2009 el abogado compareció ante este Foro y nos informó que le concediéramos cuarenta y cinco días para llevar a cabo un plan de trabajo con el correspondiente Inspector de Notaría para corregir las deficiencias encontradas. Asimismo, mediante Resolución de 9 de julio de ese mismo año le concedimos al abogado treinta días adicionales para que cumpliera con lo requerido en la Resolución de 23 de septiembre de 2008. Asimismo, el 10 de julio de 2009 la Directora de la O.D.I.N. nos informó sobre el plan de corrección de deficiencias que dicha oficina y el licenciado Torres Viera habían acordado.

A base de este informe, el 3 de agosto de 2009 le concedimos treinta días adicionales al licenciado Torres Viera para que cumpliera con lo ordenado en la referida Resolución de 23 de septiembre de 2008. El licenciado Torres Viera, sin embargo, mediante una moción de prórroga del

15 de enero de 2010, nos solicitó una última prórroga de cuarenta y cinco días para terminar de corregir las deficiencias en su obra notarial. Examinada dicha solicitud, mediante Resolución de 28 de enero de este año acordamos concederle al abogado un término final e improrrogable de veinte días para cumplir con los requerimientos de este Tribunal. No obstante, el licenciado Torres Viera nos solicitó otra prórroga de cuarenta y cinco días el 5 de marzo de 2010. La razón esbozada para justificar estas solicitudes de prórrogas fue la precaria condición de salud del abogado.

Por todo lo anterior, el 23 de abril de 2010 le concedimos a la O.D.I.N. un término de treinta días para que informara cómo se encontraba el proceso de subsanación de las deficiencias halladas en la obra notarial del abogado de epígrafe. Por tal razón, el 20 de mayo de este año compareció ante nos la Directora de O.D.I.N. e informó que todavía la obra notarial del licenciado Torres Viera adolece de varias deficiencias. Por ende, mediante Resolución de 11 de junio de 2010 le concedimos al abogado un término final e improrrogable de treinta días para cumplir con lo ordenado en la Resolución de 23 de septiembre de 2008. El licenciado Torres Viera, sin embargo, ni ha subsanado las deficiencias en su obra ni ha comparecido ante este Foro.

Debido a que el abogado no ha cumplido con dicho requerimiento, procede ser suspendido inmediata e indefinidamente del ejercicio de la abogacía.

## II

Como es sabido, todo abogado tiene el deber y la obligación de responder diligentemente a los requerimientos y órdenes de este Tribunal, particularmente si éstan relacionados con procedimientos disciplinarios sobre su conducta profesional. *In re Tió Fernández*, 178 D.P.R. 6801 (2010); *In re López de Victoria Brás*, 177 D.P.R. 888 (2010). Como hemos señalado reiteradamente, la naturaleza pública de la profesión de la abogacía impone a todo letrado la más rigurosa observancia sobre los requerimientos rela-

ciones con investigaciones disciplinarias. *In re Morales Rodríguez*, 179 D.P.R. 766 (2010); *In re Pérez Brasa*, 155 D.P.R. 813 (2001).

■ Asimismo, hemos expresado que el ignorar las órdenes de este Tribunal de por sí conlleva la imposición de sanciones disciplinarias severas. *In re Rosado Cruz*, 176 D.P.R. 1012 (2009). Esto, pues tal proceder contraviene las normas éticas que regulan la profesión de la abogacía. *In re Rosado Cruz*, supra; *In re Ramírez Ferrer*, 164 D.P.R. 744 (2005). Así, la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, respecto a la exigencia de respeto hacia los tribunales. *In re Vargas Soto*, 146 D.P.R. 55 (1998).

No obstante, constantemente nos enfrentamos a un sinnúmero de abogados y abogadas que incumplen las órdenes de este Tribunal y de los organismos a los cuales hemos encomendado la tarea de investigar posibles violaciones a las normas que rigen la profesión. Es por ello que hemos resuelto que esa "actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen su suspensión indefinida". *In re Pagán Ayala*, 130 D.P.R. 678, 683 (1992).

## III

En el caso de autos nos enfrentamos nuevamente a un abogado que desatiende nuestros requerimientos. En particular, el licenciado Torres Vieras no ha cumplido con el requerimiento que este Tribunal le ordenó en la Resolución de 11 de junio de 2010 de que, a su vez, cumpliera con lo ordenado en la Resolución de 23 de septiembre de 2008 emitida por este Foro. Por las razones mencionadas anteriormente, procede su suspensión inmediata e indefinida del ejercicio de la abogacía.

El licenciado Torres Viera notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de

cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, el cumplimiento con lo antes ordenado.

*Se dictará sentencia de conformidad.*