EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Nilka Marrero García | 2013 TSPR 21<br><br>187 DPR \_\_\_\_ |

Número del Caso: AB-2009-0051

Fecha: 12 de diciembre de 2012

Oficina del Procurador General:

       Lcda. Zaira Girón Anadón
       Subprocuradora General

       Lcda. Minnie H. Rodríguez López
       Procuradora General Auxiliar

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nilka Marrero García                    AB-2009-0051

PER CURIAM

San Juan, Puerto Rico, a 12 de diciembre de 2012.

Nuevamente nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con las órdenes de este Tribunal. Por las razones que expresamos a continuación, ordenamos la suspensión inmediata e indefinida de la Lcda. Nilka Marrero García del ejercicio de la abogacía.

I

La Lcda. Nilka Marrero García fue admitida al ejercicio de la abogacía el 13 de julio de 1984. El 6 de marzo de 2009 el Sr. Jorge M. Aquino Rivera (quejoso) presentó una queja contra

la licenciada Marrero García, en la cual alegó que la letrada incurrió en mala práctica de la abogacía mientras lo representaba. Entre otras alegaciones realizadas, el quejoso sostuvo que la apelación de su caso no fue presentada a tiempo, mas sin embargo, la abogada le cobró por ésta. Adjunto a esta queja, el quejoso presentó una copia de una carta, en la cual solicitó a la licenciada Marrero García la entrega de los dos expedientes del caso.

La licenciada Marrero García compareció y procedió a contestar la queja presentada. Sostuvo que había representado al quejoso en un caso sobre división de comunidad de bienes. Sin embargo, la licenciada indicó que carecía de información importante sobre las alegaciones presentadas en la queja, ya que no contaba con el expediente.

La Oficina de la Procuradora General presentó su informe. En éste señaló que no existe prueba que apunte a una representación deficiente en el proceso ventilado ante el Tribunal de Primera Instancia. Expresó que en cuanto a estos asuntos, la queja carece de méritos. Sin embargo, señaló que el recurso apelativo fue presentado tardíamente, por lo cual la licenciada Marrero García incurrió en una violación al Canon 18 de los Cánones de Ética Profesional. Debido a esta situación, la Procuradora General recomendó que la letrada le devolviera al quejoso los honorarios cobrados por esta gestión.

Luego de examinar el informe realizado por la Procuradora General, el 17 de mayo de 2011 emitimos una

resolución mediante la cual le concedimos un término de 20 días, a partir de la notificación de la resolución, para que las partes se expresaran en cuanto al mencionado informe. Transcurrió el término y no comparecieron. Posteriormente, el 28 de septiembre de 2011, le concedimos a ambas partes un término final de 10 días para cumplir con nuestra resolución de 17 de mayo de 2011.

El quejoso presentó un escrito el 6 de octubre de 2011, en el cual expresó que la licenciada Marrero García le requirió pagos constantes que siempre le entregó, sin embargo, la abogada nunca realizó las diligencias correspondientes. Posteriormente, el 17 octubre de 2011 la licenciada Marrero García presentó una moción en la que solicitó 5 días adicionales para atender la orden. En ésta expresó que su oficina fue escalada y objeto de vandalismo. Arguyó que esta situación había ocupado su tiempo, por lo que solicitó 5 días adicionales para cumplir con la orden. Mediante resolución, el 25 de octubre de 2011, concedimos un término final e improrrogable de 10 días para dar cumplimiento con la resolución emitida el 17 de mayo de 2011.

Transcurrido el término sin que la licenciada Marrero García compareciera, el 27 de enero de 2012 concedimos nuevamente un término final e improrrogable de 10 días, contados a partir de la notificación de la resolución, para cumplir con las resoluciones emitidas el 17 de mayo de 2011 y el 25 de octubre de 2011. Expresamos que, de no comparecer en el término provisto, se entendería que se

allanaba a las recomendaciones del informe realizado por la Procuradora General.

Nuevamente transcurrió el término provisto sin que la licenciada Marrero García compareciera. Así las cosas, el 30 de marzo de 2012 emitimos una resolución en la cual le ordenamos a la licenciada Marrero García devolverle al señor Aquino Rivera los honorarios cobrados y no devengados. Además, ordenamos que una vez devueltos los honorarios, debía notificar a este Tribunal esta gestión.

El 8 de agosto de 2012 el quejoso presentó una moción en la que sostuvo que la licenciada Marrero García ha hecho caso omiso y desacatado las órdenes de este Tribunal. En efecto, la licenciada Marrero García no ha cumplido nuestra resolución y orden, tampoco ha comparecido.

II

Como es sabido, la conducta de los miembros de la abogacía debe caracterizarse por el mayor de los respetos hacia los tribunales. Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.9. Reiteradamente, hemos señalado que el desatender las órdenes judiciales constituye una ofensa a la autoridad de los tribunales e infringe el Canon 9, *supra*. In re Martínez Class, res. el 21 de marzo de 2012, 2012 T.S.P.R. 92, 185 D.P.R. __ (2012); In re Asencio Márquez, 183 D.P.R. 659, 664 (2011).

La obligación de contestar con premura y diligencia cobra mayor relevancia cuando las órdenes del Tribunal giran en torno a procedimientos relacionados a la conducta profesional de los letrados. In re Martínez Class, *supra*;

In re Rosario Martínez, 184 D.P.R. 494, 498 (2012). Es obligación ineludible de todo miembro de la profesión legal el responder de forma diligente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re Betancourt Medina, 183 D.P.R. 821, 824 (2011); In re García Incera, 177 D.P.R. 329, 331 (2009).

Incumplir con nuestras órdenes y requerimientos constituye una falta de respeto hacia nuestros procedimientos y, además, mina nuestra función reguladora de la profesión legal. In re Rosado Cruz, 176 D.P.R. 1012, 1016 (2009); In re Velázquez Quiles, 146 D.P.R. 30, 37 (1998). Por esta razón, en múltiples ocasiones hemos expresado que procede la suspensión inmediata de aquellos miembros de la profesión de la abogacía que incumplen con las órdenes emitidas por este Tribunal. In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011); In re Morales Rodríguez, 179 D.P.R. 766, 769 (2010); In re Torres Viera, 179 D.P.R. 868, 871 (2010).

III

A pesar de que hemos sido enfáticos en el deber que tienen los miembros de la profesión legal de cumplir con nuestras órdenes y requerimientos, nuevamente este Tribunal se ve obligado a suspender de manera indefinida a un miembro de la profesión por incumplir con esta obligación. La licenciada Marrero García ha incumplido con nuestros requerimientos. Además, el trámite disciplinario de la licenciada demuestra una dilación innecesaria de los

procedimientos, provocada por la propia conducta de desatención de ésta.

Por los fundamentos expresados, se suspende a la licenciada Marrero García del ejercicio de la abogacía. Deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, deberá certificar a este Tribunal estas gestiones dentro del término de 30 días, a partir de la notificación de esta Opinión y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nilka Marrero García                    AB-2009-0051

SENTENCIA

San Juan, Puerto Rico, a 12 de diciembre de 2012.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a la licenciada Marrero García del ejercicio de la abogacía. Deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, deberá certificar a este Tribunal estas gestiones dentro del término de 30 días, a partir de la notificación de esta Opinión y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Martínez Torres no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo