per curiam:
Nuevamente nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con las órdenes de este Tribunal. Por las razones que expresamos a continua- *579 ción, ordenamos la suspensión inmediata e indefinida de la Leda. Nilka Marrero García del ejercicio de la abogacía.
I
La Lcda. Nilka Marrero García fue admitida al ejercicio de la abogacía el 13 de julio de 1984. El 6 de marzo de 2009 el Sr. Jorge M. Aquino Rivera (quejoso) presentó una queja contra la licenciada Marrero García, en la cual alegó que la letrada incurrió en mala práctica de la abogacía mientras lo representaba. Entre otras alegaciones, el quejoso sos-tuvo que la abogada no presentó la apelación de su caso a tiempo, pero le cobró por ésta. Adjunto a esta queja, el quejoso presentó una copia de una carta, en la cual solicitó a la licenciada Marrero García la entrega de los dos expe-dientes del caso.
La licenciada Marrero García compareció y procedió a contestar la queja. Sostuvo que había representado al que-joso en un caso sobre división de comunidad de bienes. Sin embargo, la licenciada indicó que carecía de información importante sobre las alegaciones presentadas en la queja, ya que no contaba con el expediente.
La Oficina de la Procuradora General presentó su informe. En éste señaló que no existe prueba que apunte a una representación deficiente en el proceso ventilado ante el Tribunal de Primera Instancia. Expresó que en cuanto a estos asuntos, la queja carece de méritos. Sin embargo, se-ñaló que la licenciada Marrero García presentó el recurso apelativo tardíamente, por lo cual incurrió en una viola-ción al Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Debido a esta situación, la Procuradora General recomendó que la letrada le devolviera al quejoso los honorarios cobrados por esta gestión.
Luego de examinar el informe realizado por la Procura-dora General, el 17 de mayo de 2011 emitimos una resolu-ción mediante la cual le concedimos un término de 20 días, *580 a partir de la notificación de la resolución, para que las partes se expresaran en cuanto al mencionado informe. Transcurrió el término y no comparecieron. Posterior-mente, el 28 de septiembre de 2011, le concedimos a ambas partes un término final de 10 días para cumplir con nues-tra resolución de 17 de mayo de 2011.
El quejoso presentó un escrito el 6 de octubre de 2011, en el cual expresó que la licenciada Marrero García le re-quirió pagos constantes que él siempre entregó, aunque la abogada nunca realizó las diligencias correspondientes. Posteriormente, el 17 octubre de 2011 la licenciada Ma-rrero García presentó una moción en la que solicitó 5 días adicionales para atender la orden. En ésta expresó que su oficina había sido objeto de vandalismo y escalamiento. Ar-güyó que esta situación había ocupado su tiempo, por lo que solicitó 5 días adicionales para cumplir con la orden. Mediante resolución, el 25 de octubre de 2011 concedimos un término final e improrrogable de 10 días para dar cum-plimiento con la resolución emitida el 17 de mayo de 2011.
Transcurrido el término sin que la licenciada Marrero García compareciera, el 27 de enero de 2012 concedimos nuevamente un término final e improrrogable de 10 días, contados a partir de la notificación de la resolución, para cumplir con las resoluciones emitidas el 17 de mayo de 2011 y el 25 de octubre de 2011. Expresamos que, de no comparecer en el término provisto, se entendería que se allanaba a las recomendaciones del informe realizado por la Procuradora General.
Nuevamente transcurrió el término provisto sin que la licenciada Marrero García compareciera. Así las cosas, el 30 de marzo de 2012 emitimos una resolución en la cual le ordenamos a la licenciada Marrero García devolver al se-ñor Aquino Rivera los honorarios cobrados y no devengados. Además, ordenamos que una vez devueltos los honorarios, debía notificar a este Tribunal esta gestión.
*581 El 8 de agosto de 2012 el quejoso presentó una moción en la que sostuvo que la licenciada Marrero García ha he-cho caso omiso y desacatado las órdenes de este Tribunal. En efecto, la licenciada Marrero García no ha cumplido nuestra resolución y orden, tampoco ha comparecido.
II
 Como es sabido, la conducta de los miembros de la abogacía debe caracterizarse por el mayor de los respetos hacia los tribunales. Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Reiteradamente, hemos señalado que el desatender las órdenes judiciales constituye una ofensa a la autoridad de los tribunales e infringe el Canon 9, supra. In re Martínez Class, 184 D.P.R. Ap. (2012); In re Asencio Márquez, 183 D.P.R. 659, 664 (2011).
La obligación de contestar con premura y diligencia cobra mayor relevancia cuando las órdenes del Tribunal giran en torno a procedimientos relacionados a la conducta profesional de los letrados. In re Martínez Class, supra; In re Rosario Martínez, 184 D.P.R. 494, 498 (2012). Es obligación ineludible de todo miembro de la profesión legal responder de forma diligente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re Betancourt Medina, 183 D.P.R. 821, 824 (2011); In re García Incera, 177 D.P.R. 329, 331 (2009).
Incumplir con nuestras órdenes y requerimientos constituye una falta de respeto hacia nuestros procedimientos y, además, mina nuestra función reguladora de la profesión legal. In re Rosado Cruz, 176 D.P.R. 1012, 1016 (2009); In re Velázquez Quiles, 146 D.P.R. 30, 37 (1998). Por esta razón, en múltiples ocasiones hemos expresado que procede la suspensión inmediata de aquellos miembros de *582 la profesión de la abogacía que incumplen con las órdenes emitidas por este Tribunal. In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011); In re Torres Viera, 179 D.P.R. 868, 871 (2010); In re Morales Rodríguez, 179 D.P.R. 766, 769 (2010).
III
A pesar de que hemos sido enfáticos en el deber que tienen los miembros de la profesión legal de cumplir con nuestras órdenes y requerimientos, nuevamente este Tribunal se ve obligado a suspender de manera indefinida a un miembro de la profesión por incumplir con esta obligación. La licenciada Marrero García ha incumplido con nuestros requerimientos. Además, el trámite discipli-nario de la licenciada demuestra una dilación innecesaria de los procedimientos, provocada por la propia conducta de desatención de ésta.
Por los fundamentos expresados, se suspende a la licen-ciada Marrero García del ejercicio de la abogacía. Deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los ho-norarios recibidos por trabajos no realizados. De igual ma-nera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, deberá certificar a este Tribunal estas gestiones dentro del término de 30 días, a partir de la notificación de esta Opinión y Sentencia.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino. El Juez Asociado Señor Martínez Torres no interviene.