per curiam:
Nuevamente nos encontramos con otro miembro de la profesión legal que muestra una conducta inaceptable. Nos enfrentamos, una vez más, con una falta al cumplimiento de las órdenes emitidas por este Tribunal en el ejercicio de su jurisdicción disciplinaria. Tal y como hemos actuado anteriormente, corresponde sancionar esta irrespetuosa conducta mediante la suspensión inmediata e indefinida de la profesión jurídica al abogado en *582 incumplimiento. Además de la queja que hoy atendemos, el expediente del licenciado Calixto A. López González con-tiene los siguientes procedimientos disciplinarios en curso que se mantendrán inactivos mientras dure la suspensión: Queja AB-2008-77, Queja AB-2009-149, Queja AB-2010-042, Queja AB-2010-302 y Queja AB-2011-336.
I
El pasado 22 de diciembre de 2009 la Sra. Carmen De León presentó una queja contra de licenciado Calixto A. López González ante la Comisión de Ética del Colegio de Abogados de Puerto Rico. En esencia, la señora De León expuso que contrató al licenciado López González para pre-sentar tres demandas ante el Tribunal de Primera Instan-cia y que, una vez presentadas, el querellado “no mostró interés en continuar el proceso y radicó moción de desisti-miento en los tres casos sin mi consentimiento”. Formula-rio de Queja sobre Conducta Profesional de Abogado(a), presentada por la Sra. Carmen De León. Una vez recibida la queja, el 23 de marzo de 2010 la Comisión de Ética del Colegio de Abogados de Puerto Rico (Comisión de Ética) cursó una comunicación al licenciado López González con-cediéndole un término de 30 días para contestarla. Trans-currido el término, el 28 de abril de 2010 la Comisión de Ética concedió un término adicional de 10 días al quere-llado para que le notificara su posición sobre las imputa-ciones éticas ante su consideración.
Tras una comunicación por parte del licenciado López González donde informaba un cambio de dirección postal, el 12 de julio de 2010 la Comisión de Ética le informó que de no recibir alguna contestación con respecto a la queja en un periodo de 20 días, la remitiría al Tribunal Supremo para que tomáramos la acción que estimáramos corres-pondiente. No es hasta el 6 de agosto de 2010 que el licen- *583 ciado López González presentó su contestación a la queja. Alegó que en los casos presentados no se pudieron diligen-ciar los emplazamientos y, por lo tanto, solicitó el desisti-miento sin perjuicio. Además, argüyó que a la fecha de su contestación ninguna de las causas de acción había pres-crito y podrían presentarse nuevamente. Luego de un in-tercambio de comunicaciones entre la querellante y el que-rellado, por medio de la Comisión de Ética, el 28 de febrero de 2011 la Comisión concedió un término de 30 días a am-bas partes para que informaran si habían podido reunirse para resolver el asunto. Asimismo, la Comisión les solicitó que de no llegar a un acuerdo, informaran las medidas que tomarían para no permitir que los casos prescribieran.
El 16 de marzo de 2011 la querellante informó que no tenía interés en llegar a un acuerdo. Mientras que el 12 de abril de 2011 el querellado solicitó 45 días para presentar nuevamente las demandas y diligenciar los emplazamientos. Una vez completara este proceso, pro-puso informar a la señora De León y solicitar al Tribunal que lo relevara de la representación legal. El 28 de abril de 2011 la Comisión de Ética le concedió el término solicitado e informó a ambas partes que este expiraba el 12 de junio de 2011. En vista de la comunicación de la Comisión de Ética, el 27 de mayo de 2011 la señora De León solicitó la devolución de los $1,150 que había adelantado al quere-llado por sus servicios profesionales.
Transcurridos los 45 días concedidos, el 27 de septiem-bre de 2011 la Comisión se comunicó con el querellado in-formándole de su incumplimiento e informando que la se-ñora De León deseaba la devolución del dinero que le había adelantado. Finalmente, apercibió al querellado que de no resolverse el asunto en un término de 30 días referiría el caso a este Tribunal.
El 27 de marzo de 2012, la Comisión de Ética compare-ció ante nosotros por medio de su Oficial Investigadora. Expuso los hechos relatados anteriormente y sometió el *584 caso para que tomáramos la acción correspondiente. Eva-luada la Moción Informativa sobre Incumplimiento de Co-legiado, concedimos al licenciado López González un tér-mino de 10 días, contados a partir de la notificación de la Resolución, para que compareciera ante el Colegio de Abo-gados y que expusiese ante nosotros las razones por las cuales no debería ser disciplinado. De la misma manera se le apercibió que el no cumplir con la Resolución de este Tribunal, podría conllevar sanciones disciplinarias seve-ras, incluyendo la suspensión del ejercicio de la profesión. Según consta en el expediente, el querellado quedó debida-mente notificado de esta Resolución el 14 de marzo de 2012. Sin embargo, transcurridos 18 meses, el licenciado López González aún no ha cumplido con lo ordenado.
II
En numerosas ocasiones hemos señalado que los abogados y abogadas tienen el deber y la obligación de responder diligentemente a los requerimientos y órdenes del Tribunal. In re Aponte Del Valle, 189 DPR 245 (2013); In re Morales Rodríguez, 179 DPR 766 (2010); In re Feliciano Jiménez, 176 DPR 234 (2009). En particular, el Canon 9 del Código de Etica Profesional establece que todo abogado o abogada debe observar una conducta caracterizada por el mayor respeto hacia los tribunales. 4 LPRA Ap. IX. La naturaleza de la profesión de la abogacía requiere a todo letrado una atención activa particularmente a los requerimientos relacionados a investigaciones disciplinarias. In re Rivera Rosado, 180 DPR 698 (2011); In re Torres Viera, 179 DPR 868 (2010).
De igual forma, hemos reiterado que ignorar o desatender las órdenes de este Tribunal constituye una falta ética distinta e independiente de los méritos de la queja presentada, cuya sanción disciplinaria conlleva la suspensión indefinida del ejercicio de la profesión. In re *585 Aponte del Valle, supra; In re Rivera Rosado, supra; In re Laborde Freyre I, 154 DPR 112 (2001). Este Tribunal no tolerará la indiferencia u obstinada negativa por parte de un miembro de nuestra profesión de cumplir con nuestras órdenes.
III
Este caso nos muestra una vez más a un abogado que ignora por completo nuestros requerimientos. El licenciado López González ha demostrado con su conducta un desin-terés y menosprecio por el procedimiento disciplinario que este Tribunal ha continuado luego de su incumplimiento con el proceso disciplinario llevado a cabo por la Comisión de Ética del Colegio de Abogados.
Según muestra el expediente, una vez la Comisión de Ética refirió a nuestra consideración la queja de la señora De León, se concedió un término razonable al licenciado López González para que compareciera tanto ante el Cole-gio de Abogados como ante nosotros. Sin embargo, a pesar de haber recibido personalmente nuestra Resolución el pa-sado 14 de marzo de 2012, el querellado no ha presentado contestación o solicitud de un término adicional para evi-tar cualquier sanción disciplinaria. La desatención mos-trada por el licenciado López González no nos permite otra cosa que no sea sancionarlo de la forma más severa.
Además, esta no es la primera sanción que el licenciado López González ha recibido por parte de este Tribunal. Se-gún surge de su expediente, en el mes de octubre de 2012 a solicitud de la Oficina de Inspección de Notarías (ODIN) se tuvo que ordenar de manera inmediata la incautación de su obra notarial debido a la falta de colaboración por parte del licenciado López González para que se lograra la ins-pección ordinaria de su obra notarial, su violación al Art. 53 de la Ley Notarial al trasladar sin autorización sus pro-tocolos, 4 LPRA see. 2077, y por información obtenida por *586 la Inspectora de Protocolos de que la obra notarial estaba en riesgo. Como se puede apreciar, la conducta mostrada por el licenciado López González no es aislada y requiere que este Tribunal tome las medidas disciplinarias correspondientes.
Por las razones expresadas anteriormente, procede la suspensión inmediata e indefinida del licenciado López González del ejercicio de la abogacía. El licenciado López González tiene la obligación de notificar a todos sus clientes que por motivo de su suspensión no podrá continuar con su representación legal, y deberá devolver los expedientes de cualquier caso pendiente y los honorarios recibidos por tra-bajo no realizado. Igualmente, tiene la obligación de acre-ditar y certificar el cumplimiento de lo anterior dentro del término 30 días a partir de la notificación de esta opinión “per curiam”.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Fiol Matta no intervino.