per curiam:
Nuevamente nos encontramos ante un miembro de la profesión legal que hace caso omiso a las órdenes de este Tribunal, a sabiendas de que ello será causa suficiente para separarle de la práctica de la profe- *914 sión legal. Esta conducta es inaceptable y conlleva, como hemos hecho antes, la suspensión inmediata e indefinida de la profesión jurídica al abogado que incumpla. Además del informe que hoy atendemos, el expediente del Ledo. Efrén Irizarry Colón refleja otro procedimiento disciplina-rio en curso que se mantendrá inactivo mientras dure la suspensión: CP-2012-12.
I
El licenciado Irizarry Colón fue admitido al ejercicio de la abogacía el 7 de noviembre de 1979 y posteriormente, el 23 de julio de 1980 prestó juramento de notario.
Según nos informa la Procuradora General en el In-forme que nos presenta, el licenciado Irizarry trabajó como abogado autorizado del gobierno federal para el cierre de préstamos de la oficina del Farm Service Agency. El Inspector General del Departamento de Agricultura de Estados Unidos refirió al Departamento de Justicia del Estado Li-bre Asociado de Puerto Rico cierta información relacionada con posibles violaciones a las leyes fiscales del Estado Li-bre Asociado, producto de una investigación que llevaba a cabo junto a Aduana federal. Entre los documentos que la agencia federal remitió al Departamento de Justicia se en-contraban unas copias de cheques depositados en la cuenta bancaria del abogado de epígrafe en concepto de honorarios pagados por su gestión en el trámite de préstamos otorga-dos por el Farm Service Agency.
Con esta información, el Gobierno del Estado Libre Aso-ciado de Puerto Rico condujo una investigación de la cual surgió que el licenciado Irizarry Colón rindió planillas fal-sas para 1998, 1999, 2000, 2001 y 2002, al no declarar el total de los ingresos devengados. La deficiencia por año contributivo fue la siguiente (sin intereses y penalidades): 1998 - $312,054; 1999 - $248,890; 2000 - $298,426; 2001 - *915 $234,999; 2002 - $135,844. Ello totalizó ingresos no repor-tados por $1,230,213.
Como resultado de los hallazgos antes mencionados, en septiembre de 2009 el Departamento de Justicia acusó cri-minalmente al licenciado Irizarry Colón por violar las Sec-ciones 6049(c) y 6054(b)(1) del Código de Rentas Internas de 1994, 13 LPRA ants. sees. 8054 y 8059. El 28 de octubre de 2009 el acusado se declaró culpable por violar el Ar-tículo 6049(c),(1) reclasificado como Sección 6059 del Có-digo de Rentas Internas,(2) ello producto de un preacuerdo con la Fiscalía. El Tribunal de Primera Instancia dictó sen-tencia por violación a la Sección 6059 del Código de Rentas Internas y condenó al acusado a pagar de $50 de multa.
Así las cosas, la Oficina de la Procuradora General nos presentó un Informe sobre la conducta del licenciado Iriza-rry Colón. En el Informe presentado se relata lo antes in-dicado y señala que la conducta del licenciado Irizarry Co-lón supone una violación a la Sección 9 de la Ley de 11 de marzo de 1909, 4 LPRA see. 735, que dispone como sigue:
El abogado que fuere culpable de engaño, conducta inmoral (:malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por. el *916 Tribunal Supremo de Puerto Rico. La persona que siendo abo-gado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser com-petente para la práctica de su profesión.
En su Informe, la Procuradora General destaca que de la sentencia condenatoria dictada contra el licenciado Iri-zarry Colón —copia de la cual nos notifica— surge que este se declaró culpable de un delito menos grave que implica “depravación moral por hechos relacionados con la práctica de su profesión legal al no informar en su planilla los ho-norarios de abogado realmente devengados durante varios años contributivos”. Informe de la Procuradora General, págs. 2-3. Señal, además, que “[l]as serias deficiencias en la presentación de sus planillas de contribución sobre in-gresos, [...] es incompatible con el ejercicio de la profesión legal” por constituir “depravación moral [y] contraria [al] Canon 38 de Ética Profesional [...]”. íd., pág. 3.
El 26 de abril de 2013 emitimos una Resolución en la que concedimos al licenciado Irizarry Colón un término de 15 días para que compareciera y mostrara causa, si alguna tuviese, por la cual no debíamos separarle de la profesión legal. En dicha Resolución se le advirtió que el incumpli-miento con la orden sería causa suficiente para ordenar su suspensión del ejercicio de la abogacía. Esta Resolución se entregó personalmente al licenciado Irizarry Colón el 20 de mayo de 2013. Aún hoy este no ha comparecido ni ha soli-citado prórroga alguna para comparecer. Habiendo exce-dido por mucho el término para cumplir con la orden del 26 de abril de 2013, pasamos a resolver.
II
En numerosas ocasiones hemos señalado que los abogados y las abogadas tienen el deber y la obligación de responder diligentemente los requerimientos y las órdenes del Tribunal. In re Aponte Del Valle, 189 DPR 245 (2013); *917 In re Morales Rodríguez, 179 DPR 766 (2010); In re Feliciano Jiménez, 176 DPR 234 (2009). En particular, el Canon 9 del Código de Etica Profesional establece que todo abogado y toda abogada debe observar una conducta carac-terizada por el mayor respeto hacia los tribunales. 4 LPRA Ap. IX. La naturaleza de la profesión de la abogacía re-quiere a sus miembros una atención activa particular-mente a los requerimientos relacionados con las investiga-ciones disciplinarias. In re Rivera Rosado, 180 DPR 698 (2011); In re Torres Viera, 179 DPR 868 (2010).
De igual forma, hemos reiterado que ignorar o desatender las órdenes de este Tribunal constituye una falta ética distinta e independiente de los méritos de la queja presentada. Esta falta ética conlleva la suspensión indefinida del ejercicio de la profesión. In re Aponte Del Valle, supra; In re Rivera Rosado, supra; In re Laborde Freyre I, 154 DPR 112 (2001). Este Tribunal no tolerará la indiferencia ni la obstinada negativa por parte de un miembro de nuestra profesión de cumplir con nuestras órdenes.
III
Este caso nos muestra una vez más a un abogado que ignora por completo nuestros requerimientos. El licenciado Irizarry Colón ha demostrado con su conducta un desinte-rés y menosprecio por los procedimientos disciplinarios que lleva a cabo este Tribunal, así como por las órdenes que emite. Es, a todas luces, indigno de ostentar el título de abogado.
Este Tribunal tiene facultad inherente para reglamentar el ejercicio de la abogacía en nuestra jurisdicción. In re Martínez Maldonado, 185 DPR 1085, 1087 (2012). Como parte de ello, podemos desaforar o suspender a aquellos miembros de la profesión legal no aptos para desempeñar *918 tan delicado ministerio. In re Morell Corrada, 171 DPR 327, 330 (2007).
Por las razones expresadas anteriormente, procede la suspensión inmediata e indefinida del Ledo. Efrén T. Iriza-rry Colón del ejercicio de la abogacía y la notaría en Puerto Rico. El licenciado Irizarry Colón tiene la obligación y el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos y de devolver los expedientes de cualquier caso pendiente y los honorarios recibidos por el trabajo no realizado. Igualmente, tiene la obligación de acreditar y certificar el cumplimiento de lo ordenado dentro del término de treinta días a partir de la notificación de esta opinión “per curiam”.

Se dictará sentencia de conformidad.

 La Sección 6049(c) del Código de Rentas Internas disponía lo siguiente:
“Toda persona obligada bajo cualquier parte de este subtítulo a rendir una pla-nilla, declaración, certificación o informe, que voluntariamente dejare de rendir dicha planilla, declaración, certificación o informe dentro del término o términos fija-dos por la parte correspondiente o por reglamentos, además de otras penalidades establecidas por este Código, incurrirá en delito menos grave”. 13 LPRA ant. see. 8054(c).

 La Sección 6059 del Código de Rentas Internas de 1994 disponía los si-guiente:
“Toda persona que no cumpla con cualquier disposición de cualquier Subtítulo del Código o de los reglamentos promulgados en virtud del mismo, o con cualquier otra ley o reglamento de Puerto Rico relacionado con impuestos de rentas internas, o que a sabiendas coopere, induzca, o de otro modo ayude a una persona a violar las leyes y reglamentos mencionados y para lo cual no se haya dispuesto específicamente de otra manera en esta parte, incurrirá en un delito menos grave”. 13 LPRA ant. see. 8064.