per curiam:
Una vez más ejercemos nuestra facultad inherente de regular la profesión de la abogacía al enfrentarnos con la obligación de ordenar la suspensión inmediata de la abogacía y la notaría de un miembro de la profesión. Ello, por motivo del incumplimiento con los requerimientos emitidos por este Tribunal. A continuación, exponemos el marco fáctico que origina nuestro dictamen.
I
El Lcdo. Augusto C. Medina Perea fue admitido al ejercicio de la abogacía el 30 de junio de 1995 y el 12 de septiembre del mismo año prestó juramento como notario. El 31 de octubre de 2013, la Oficina de Inspección de Notarías (ODIN) presentó un escrito intitulado Moción informativa solicitando auxilio del Tribunal para incautación de obra notarial. Por medio de este, solicitó la autorización para incautar, con carácter de inmediatez, la obra notarial del licenciado Medina Perea. En su escrito, ODIN detalló el patrón de incumplimiento del referido notario y las deficiencias de que adolece su obra notarial, a saber: la constante inaccesibilidad e incumplimiento con proveer fechas viables para encaminar el proceso de inspección notarial, el cuestionamiento de la validez del Testimonio de Autenticidad Número 31,579 que autorizó el licenciado Medina *243 Perea el 16 de abril de 2012(1) y el reiterado incumpli-miento con la obligación de rendir índices mensuales e in-formes anuales de actividad notarial.
Particularmente, según surge de la Certificación expedida el 30 de octubre de 2013 por el Registro General de Competencias Notariales, el licenciado Medina Perea adeuda los índices de Actividad Mensual Notarial para el mes de diciembre de 2002, así como los de abril de 2013 al presente. Del mismo modo, se desprende del referido documento que el licenciado Medina Perea adeuda los Informes de Actividad Notarial Anual correspondientes a los años naturales de 2004 al 2012. Ante la imposibilidad para comunicarse con el letrado con el propósito de inspeccionar la obra notarial que se encuentra bajo su custodia, unido a su reiterado incumplimiento con la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 et seq., y su Reglamento, 4 LPRA Ap. XXIV, ODIN solicitó la autorización inmediata para incautar la obra notarial.
Examinada la solicitud de ODIN, el 14 de noviembre de 2013 este Tribunal emitió una resolución en la cual le concedimos al licenciado Medina Perea el término final e improrrogable de cinco días para remitir a ODIN la obra notarial adeudada y para mostrar causa por la cual no debía ser sancionado por su incumplimiento con la Ley Notarial de Puerto Rico. Asimismo, se le apercibió que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones y la suspensión del ejercicio de la abogacía. La resolución fue notificada personalmente el 15 de noviembre de 2013. El referido término otorgado venció el 22 de noviembre de 2013.
A pesar del apercibimiento, el licenciado Medina Perea no cumplió con nuestra exigencia. No fue sino hasta el 27 *244 de noviembre de 2013, más allá del término de cinco días otorgados por este Tribunal, que Medina Perea presentó un escrito intitulado Moción en cumplimiento de orden. En este, informó a esta Curia que remitió a ODIN parte de la obra notarial requerida. Empero, solicitó que se le concediera un término adicional de diez días para completar el proceso. Reconoció, además, “no haber sido consecuente con las normas de este Tribunal”. Moción en cumplimiento de orden, pág. 1.
Entretanto, mediante escrito intitulado Moción informativa notificando incumplimiento de orden del Tribunal Supremo, ODIN informó que el licenciado Medina Perea no se había comunicado con la Inspectora de Protocolos a cargo de la inspección de su obra notarial. De igual forma, señaló que éste no había remitido al Registro General de Competencias Notariales sus índices de actividad notarial mensual, así como los informes estadísticos de actividad notarial anual adeudados. A su vez, ODIN confirmó que el letrado tampoco se había comunicado con el personal administrativo de la oficina para encaminar el trámite relacionado con la orden emitida por este Tribunal. En consecuencia, ODIN solicitó a esta Curia lo siguiente: (a) la autorización para incautar inmediatamente la obra notarial de Medina Perea; (b) la imposición de la medida disciplinaria pertinente, y (c) cualquier otro pronunciamiento que en Derecho proceda.
II
Reiteradamente, hemos sido enfáticos en expresar que los abogados tienen el deber y la obligación de responder diligentemente a los requerimientos y las órdenes emitidas por esta Curia. In re Irizarry Colón, 189 DPR 913 (2013); In re Da Silva Arocho, 189 DPR 888 (2013); In re López González, 189 DPR 581 (2013); In re Arroyo Rivera, 182 DPR 732 (2011); In re Arzón Rivera, 175 DPR 763 *245 (2009). Un abogado que desatiende las órdenes de este Tribunal viola precepto ético dispuesto en el Canon 9 del Código de Ética Profesional, el cual establece que “[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. 4 LPRA Ap. IX. Véanse: In re Da Silva Arocho, supra; In re Piñeiro Vega, 188 DPR 77 (2013); In re Rosario Martínez, 184 DPR 494, 498 (2012); In re Fiel Martínez, 180 DPR 426, 431 (2010). En consecuencia, procede la suspensión inmediata de aquellos miembros de la profesión que incumplan con nuestros requerimientos e ignoren los apercibimientos de sanciones disciplinarias. In re Irizarry Colón, supra; In re Da Silva Arocho, supra; In re López González, supra; In re Arroyo Rivera, supra; In re Torres Viera, 179 DPR 868 (2010). Ello, pues, esta actitud de indiferencia y menospre-cio a la autoridad del Tribunal merece la suspensión del togado, ya que no puede tomarse livianamente. In re Fiel Martínez, supra, pág. 431. In re Pagán Ayala, 130 DPR 678, 683 (1992).
Del mismo modo, hemos establecido que el deber de responder no se circunscribe a los requerimientos emitidos por este Foro; también se extiende a las exigencias que le imponga cualquier otro foro al que el abogado se encuentre obligado a comparecer. In re Piñeiro Vega, supra; In re García Baliñas, 167 DPR 125 (2006). A tales efectos, esta Curia ha sido diáfana en pautar que las órdenes de ODIN exigen igual obediencia. In re Da Silva Arocho, supra; In re Piñeiro Vega, supra; In re Montes Díaz, 184 DPR 90, 94 (2011).
Por consiguiente, el incumplimiento con nuestros requerimientos, o con aquellos emitidos por ODIN, y el hacer caso omiso al apercibimiento de sanciones disciplinarias, constituye un proceder inaceptable que acarrea la suspensión inmediata de la práctica legal. In re Irizarry Colón, supra; In re Da Silva Arocho, supra; In re López González, supra; In re Piñeiro Vega, supra; In re Rojas Ro *246 jas, 185 DPR 405, 407 (2012); In re Arroyo Rivera, supra; In re Torres Viera, supra. De igual forma, hemos señalado que si luego de conceder un término a un letrado para que muestre causa por la cual no deba ser suspendido de la profesión este incumple, procede la suspensión del ejercicio de la abogacía. In re Piñeiro Vega, supra.
A pesar de lo anterior, desafortunadamente nos enfrentamos con el hecho de que múltiples abogados contravienen las órdenes de este Tribunal y de los organismos a los cuales hemos encomendado la tarea de investigar posibles violaciones a las normas que rigen la profesión. Por lo tanto, como corolario de la reiterada inobservancia de los anteriores preceptos éticos básicos por parte de los miembros de la profesión de la abogacía, otra vez dejamos meridianamente consignado que
[e]ste tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. (Énfasis suplido). In re García Ortiz, 187 DPR 507, 528 (2012), citando a In re Asencio Márquez, 183 DPR 659, 664 (2011).
HH HH b-H
A todas luces, el licenciado Medina Perea ha hecho caso omiso a nuestros requerimientos. De esta forma, pretende echar a un lado nuestros reiterados pronunciamientos so-bre el deber y obligación ineludible de todo abogado de responder diligentemente a las órdenes dictadas por este Tribunal y de otros foros, como es el caso de ODIN.
Ante ello, procede que ejerzamos nuestra facultad inhe-rente de regular la profesión y suspendamos inmediata-mente del ejercicio de la abogacía y la notaría al licenciado Medina Perea. Esta suspensión inmediata del ejercicio en-cuentra su sostén en un deber crucial para la profesión jurídica: el acatamiento oportuno de los requerimientos de *247 este Tribunal, al igual que de aquellos expedidos por cual-quier otro foro al cual un abogado debe comparecer.
> H-1
Al amparo de los fundamentos que anteceden, suspen-demos inmediatamente al Ledo. Augusto C. Medina Perea del ejercicio de la abogacía y la notaría hasta tanto cumpla con las órdenes de esta Curia y subsane la totalidad de las deficiencias notariales señaladas por ODIN. Previo a ser reinstalado en la práctica de la notaría, éste deberá eviden-ciar que ha rectificado todas las fallas notariales descritas mediante Certificación emitida por ODIN. Se le apercibe al señor Medina Perea que la presente acción disciplinaria no lo exime de tener que subsanar las deficiencias señaladas por ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedi-miento de desacato. En relación con la queja AB-2013-20, se ordena que se mantenga unida al expediente del señor Medina Perea para que la misma sea examinada al mo-mento en que éste solicite la reinstalación.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del se-ñor Medina Perea y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investiga-ción e informe.

Asimismo, se le impone al señor Medina Perea el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera ho-norarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspen-sión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumpli-miento con lo anterior, dentro del término de treinta días 
*248
contados a partir de la notificación de la presente opinión “per curiam” y sentencia.

Notifíquese personalmente esta opinión “per curiam” y sentencia al Sr. Augusto C. Medina Perea por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

 Del expediente del Ledo. Augusto C. Medina Perea surge que tiene una queja pendiente en relación con la validez del Testimonio de Autenticidad Núm. 31,579 (Queja AB-2013-20). Luego de varios trámites procesales, el 6 de diciembre de 2013 este Tribunal emitió una resolución refiriendo el asunto a la Oficina de la Procuradora General para la investigación y el informe correspondiente.