EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2021 TSPR 36 |
|--------|--------------|
| Roberto Torres Viera | 206 DPR _____ |

Número del Caso:  TS-9143


Fecha:  23 de marzo de 2021


Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González
    Directora Ejecutiva


Sr. Roberto Torres Viera:

    Por derecho propio



Materia: La suspensión será efectiva el 24 de marzo de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Roberto Torres Viera        TS-9143      Conducta
                                         Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 23 de marzo de 2021.

Una vez más nos vemos en la obligación de suspender inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a un miembro de la profesión legal, por incumplir con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal.  Veamos:

I

El Lcdo. Roberto Torres Viera (licenciado Torres Viera o letrado) fue admitido al ejercicio de la abogacía el 20 de enero de 1989 y prestó juramento como notario el 16 de mayo de 1990.

Mediante Opinión *Per Curiam* emitida el 20 de febrero de 2007, suspendimos al licenciado Torres

Viera del ejercicio de la abogacía por el término de dos (2) meses, por infringir los Cánones 21 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 21 y 38. Véase, In re Torres Viera, 170 DPR 306 (2007). El 1 de junio de 2007 autorizamos su reinstalación a la profesión legal, según fuera solicitado oportunamente por el letrado.

Más adelante, el 17 de septiembre de 2010, emitimos una Opinión *Per Curiam* mediante la cual suspendimos, por segunda vez, al licenciado Torres Viera del ejercicio de la abogacía. Véase, In re Torres Viera, 179 DPR 868 (2010). En esa ocasión, la suspensión fue inmediata e indefinida y se debió a su incumplimiento con las órdenes de este Tribunal. El 12 de agosto de 2011, autorizamos la reinstalación del letrado al ejercicio de la abogacía y de la notaría.

Así las cosas, el 13 de diciembre de 2018, la Directora Ejecutiva del Programa de Educación Jurídica Continua (Programa o PEJC), la Lcda. María Cecilia Molinelli González (Directora Ejecutiva del PEJC o licenciada Molinelli González), presentó ante este Tribunal un *Informe sobre incumplimiento con el requisito de educación jurídica continua* (Informe). Por medio de éste, expuso que el licenciado Torres Viera no había cumplido con los créditos de educación jurídica continua requeridos para el periodo del 1 de enero de 2012 al 31 de diciembre de 2013. Asimismo, sostuvo que

el Programa le envió al letrado un *Aviso de Incumplimiento* por medio del cual le concedió un término de treinta (30) días para justificar su cumplimiento tardío, así como un término de sesenta (60) días para subsanar su incumplimiento y pagar una multa por cumplimiento tardío, según dispuesta en la Regla 30 del Reglamento del PEJC,        4 LPRA Ap. XVII-F.  Añadió que, a la fecha del Informe, el letrado adeudaba además los créditos de educación jurídica continua requeridos para el periodo del 1 de enero de 2014 al 31 de diciembre de 2016, y que el letrado fue notificado de dicho incumplimiento mediante el *Aviso de incumplimiento* correspondiente.[1]   La Directora Ejecutiva del PEJC manifestó que, a pesar de las oportunidades otorgadas, el licenciado Torres Viera no ha cumplido con los requisitos reglamentarios de educación jurídica continua para los periodos señalados ni compareció ante el PEJC cuando le fue requerido.  Finalmente, la licenciada Molinelli González expresó preocupación ante la actitud de desidia exhibida por el licenciado Torres Viera al desaprovechar las múltiples oportunidades que le fueron concedidas para subsanar su incumplimiento.

---

[1]   Valga señalar que, entre los documentos que acompañan el *Informe sobre incumplimiento con el requisito de educación jurídica continua* presentado por la Lcda. María Cecilia Molinelli González, se encuentran los *Avisos de incumplimiento* de los periodos del 1 de enero de 2012 al 31 de diciembre de 2013, así como los correspondientes al periodo del  1 de enero de 2014 al 31 de diciembre de 2016.

El 9 de enero de 2019, emitimos una *Resolución* en la que le concedimos al letrado un término de veinte (20) días, contado a partir de la notificación de dicha *Resolución*, para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por su incumplimiento con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

Posteriormente, luego de examinar una solicitud de prórroga presentada por el letrado en la que expuso y acreditó las condiciones de salud que le afectaban, el 26 de febrero de 2019 emitimos una *Resolución* en la que le concedimos una prórroga de sesenta (60) días, contada a partir de la notificación de esa *Resolución*, para cumplir con nuestra *Resolución* del 9 de enero de 2019.

No obstante, dado a que el letrado no compareció dentro del término provisto, el 14 de junio de 2019 emitimos una *Resolución* en la que le concedimos un término final de diez (10) días, contado a partir de la notificación de esa *Resolución*, para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por su incumplimiento con los requisitos de educación jurídica continua. Una vez más, el letrado hizo caso omiso a nuestras órdenes.

Ante esta realidad, el 20 de septiembre de 2019, emitimos una *Resolución* en la que concedimos al licenciado Torres Viera un término final e improrrogable

de diez (10) días, contado a partir de la notificación de dicha *Resolución*, para que cumpliera con los requerimientos del PEJC y presentara una certificación de cumplimiento emitida por el Programa. En esa ocasión, el letrado fue advertido de que su incumplimiento con la referida *Resolución* podría conllevar sanciones severas, incluyendo su suspensión del ejercicio de la profesión.

No habiendo comparecido el letrado dentro del término provisto, el 31 de enero de 2020 emitimos una última *Resolución* en la que le concedimos al licenciado un término final e improrrogable de diez (10) días, contado a partir de la notificación de la misma, para que mostrara causa por la cual no debía ser separado de la profesión legal.

A pesar de las múltiples oportunidades concedidas al letrado y de que la *Resolución* arriba indicada fue notificada personalmente, el licenciado Torres Viera no compareció dentro del término provisto.[2]

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, establece que todos los miembros de la profesión legal deben "observar para con los tribunales

---

[2] Es meritorio resaltar que, de acuerdo con una *Certificación* emitida por el Programa de Educación Jurídica Continua (PEJC) el 15 de marzo de 2021, el Lcdo. Roberto Torres Viera adeuda los créditos de educación jurídica continua que corresponden a los periodos del 1 de enero de 2012 al 31 de diciembre de 2013; 1 de enero del 2014 al 31 de diciembre de 2016, y del 1 de enero de 2017 al 31 de enero de 2019.

una conducta que se caracterice por el mayor respeto". *In re Colón Rivera*, 2021 TSPR 19, 206 DPR \_\_\_ (2021); *In re Bermúdez Tejero*, *supra*; *In re Cintrón Rodríguez*, 2020 TSPR 115, 205 DPR \_\_\_ (2020); *In re Torres Acevedo*, 2020 TSPR 108, 205 DPR \_\_\_ (2020). De conformidad con ese mandato, todos los abogados tienen el ineludible deber de cumplir pronta y diligentemente con las órdenes de este Foro, especialmente cuando se trata de procesos disciplinarios. *In re Vázquez Lagomarsini*, 2020 TSPR 139, 205 DPR \_\_\_ (2020); *In re Bermúdez Tejero*, *supra*. Dicho deber se extiende a los requerimientos hechos por el Programa de Educación Jurídica Continua. *In re Cintrón Rodríguez*, *supra*; *In re López Pérez*, 201 DPR 123, 126 (2018); *In re Arocho Cruz*, 200 DPR 352, 361 (2018). Hemos expresado que la desatención de nuestras órdenes por parte de los letrados representa una afrenta a la autoridad de los tribunales, lo que constituye una violación del Canon 9 del Código de Ética Profesional, *supra*. Por esa razón, hemos indicado que cuando un abogado falla en responder oportuna y diligentemente a nuestras órdenes, procede su separación inmediata e indefinida de la profesión. *In re Colón Rivera*, *supra*; *In re López Pérez*, *supra*, pág. 126.

III

Del cuadro fáctico expuesto se desprende que el licenciado Torres Viera no ha cumplido con los requerimientos del PEJC ni con las órdenes de este

Tribunal. Esto, a pesar de haber sido apercibido de las consecuencias que su incumplimiento podría acarrear.

La desidia y la falta de diligencia desplegada por el licenciado Torres Viera ante los requerimientos del PEJC y las órdenes de este Tribunal reflejan una actitud de menosprecio e indiferencia a nuestra autoridad. Ante esta realidad, en virtud de nuestro poder inherente de reglamentar la abogacía, procede decretar la suspensión inmediata e indefinida del licenciado Torres Viera de la práctica de la profesión legal.

IV

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida del licenciado Torres Viera del ejercicio de la abogacía y la notaría. Además, se ordena el archivo administrativo de la *Querella* CP-2019-3.

El señor Torres Viera deberá notificar inmediatamente a todos sus clientes su inhabilidad para continuar representándolos. Asimismo, deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Igualmente, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo

podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial del señor Torres Viera y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Torres Viera queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Torres Viera por correo electrónico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Roberto Torres Viera                    TS-9143        Conducta
                                                       Profesional

SENTENCIA

En San Juan, Puerto Rico a 23 de marzo de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Roberto Torres Viera del ejercicio de la abogacía y la notaría. Asimismo, se ordena el archivo administrativo de la *Querella* CP-2019-3.

El señor Torres Viera deberá notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de la Opinión *Per Curiam* y Sentencia antes mencionadas. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en un futuro.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial del señor Torres Viera y entregarlos al Director de la Oficina de Inspección de Notarías para

el correspondiente examen e informe.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Torres Viera queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.


                                        José Ignacio Campos Pérez
                                        Secretario del Tribunal Supremo